UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHANIEL ROBINSON and DAVID EVANS, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>   *-against-*<br><br>NEW YORK CITY TRANSIT AUTHORITY; FERNANDO FERRER, in his official capacity as acting Chairman of the New York City Transit Authority; and ANDY BYFORD, in his official capacity as President of the New York City Transit Authority,<br><br>       Defendants. | Civ. No. 19-cv-01404 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ...................................................................................................... 2

ARGUMENT ........................................................................................................... 5

    I.      THE PROPOSED CLASS MEETS THE REQUIREMENTS OF RULE
            23 AND SHOULD BE CERTIFIED .................................................................. 5

           A.     The Proposed Class Meets the Prerequisites of Rule 23(a) ...................... 5

                 1.     The Proposed Class is Sufficiently Numerous............................. 5

                 2.     The Proposed Class Shares Common Questions of Law and
                      Fact............................................................................................... 7

                 3.     Named Plaintiffs' Claims are Typical of the Proposed Class...... 10

                 4.     Named Plaintiffs Will Adequately Represent the Proposed
                      Class............................................................................................. 11

            B.     The Proposed Class Meets the Second Circuit's Additional
                Ascertainability Requirement ................................................................. 13

            C.     The Proposed Class Meets the Requirements of Rule 23(b) ................... 13

            1.     The Proposed Class Meets the Requirements of Rule 23(b)(2)............... 13

CONCLUSION.................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                   **Page(s)**

*Brecher v. Republic of Argentina*,
   802 F.3d 303 (2d Cir. 2015) ..................................................................................13

*Central States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco*
   *Managed Care, LLC*,
   504 F.3d 229 (2d Cir. 2007) ....................................................................................6

*Consolidated Rail Corp. v. Town of Hyde Park*,
   47 F.3d 473 (2d Cir. 1995) ......................................................................................6

*Cortigiano v. Oceanview Manor Home for Adults*,
   227 F.R.D. 194 (E.D.N.Y. 2005) .......................................................................8, 13

*Daniels v. City of New York*,
   198 F.R.D. 409 (S.D.N.Y.2001) .........................................................................9, 13

*In re Drexel*,
   960 F.2d at 291 ......................................................................................................11

*In re Flag Telecom Holdings, Ltd. Securities Litigation*,
   574 F.3d 29 (2d Cir. 2009) ...............................................................................10, 12

*Floyd v. City of New York*,
   283 F.R.D. 153 (S.D.N.Y. 2012) .............................................................................5

*Fort Worth Employees' Retirement Fund v. J.P Morgan Chase & Co.*,
   301 F.R.D. 116 (S.D.N.Y. 2014) ...........................................................................12

*Gen. Tel. Co. of the Southwest v. Falcon*,
   457 U.S. 147 (1982)...............................................................................................11

*Johnson v. Nextel Communications*,
   780 F.R.D. 128 (2d Cir. 2015) .............................................................................8, 9

*M.G. v. New York City Dep't of Educ.*,
   162 F.Supp.3d 216 (S.D.N.Y. 2016)........................................................................6

*Marisol A. by Forbes v. Giuliani*,
   126 F.3d 372 (2d Cir. 1997).........................................................................11, 12, 14

*Pennsylvania Pub. School Employees' Retirement Sys. v. Morgan Stanley & Co.,*
   *Inc.*,
   772 F.3d 111 (2d Cir. 2014).....................................................................................7

*Reynolds v. Giuliani,*
 118 F. Supp. 2d 352 (S.D.N.Y 2000)............................................................................11, 12

*Robidoux v. Celani,*
 987 F.2d 931 (2d Cir. 1993)..................................................................................5, 6, 7, 10

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.,*
 659 F.3d 234 (2d Cir. 2011)..............................................................................................6, 8

*Stinson v. City of N.Y.,*
 282 F.R.D. 360 (S.D.N.Y. 2012) .........................................................................................8

*Sykes v. Mel Harris & Assocs. LLC,*
 285 F.R.D. 279 (S.D.N.Y.), *aff'd*, 780 F.3d 70 (2d. Cir. 2015). Furthermore,
 the Report .............................................................................................................................6

*Sykes v. Mel S. Harris & Assocs. LLC,*
 780 F.3d 70 (2d. Cir. 2015).........................................................................................5, 6, 8, 9

*Vargas v. Howard,*
 324 F.R.D. 319 (S.D.N.Y. 2018) .........................................................................................8

*Ventura v. New York City Health and Hosps. Corp.,*
 125 F.R.D. 595 (S.D.N.Y.1989) ..........................................................................................9

*In re Vivendi Universal, S.A.,*
 242 F.R.D. 76 (S.D.N.Y. 2007), *aff'd sub nom. In re Vivendi, S.A. Sec. Litig.,*
 838 F.3d 223 (2d Cir. 2016).................................................................................................6

*Wal-Mart Stores, Inc. v. Dukes,*
 564 U.S. 338 (2011).........................................................................................7, 8, 11, 14

*In re Winstar Comm. Sec. Litig,*
 290 F.R.D. 437 (S.D.N.Y. 2013) .........................................................................................6

## STATUTES, RULES & REGULATIONS

Fed. R. Civ. P. 23 ................................................................................................... *passim*

N.Y. Pub. Auth. Law § 1202(1)..............................................................................................2

N.Y. Pub. Auth. Law § 1203-a(3)...........................................................................................2

N.Y. Pub. Auth. Law § 1204(5-a)...........................................................................................2

N.Y. Pub. Auth. Law § 1209-a .........................................................................................2, 3

NY Tax § 171-f........................................................................................................................3

**OTHER AUTHORITIES**

7A Charles Alan Wright & Arther R. Miller et al., Federal Practice & Procedure §
1760 (3d ed. 1998) ....................................................................................................................13

Named plaintiffs Nathaniel Robinson and David Evans ("Named Plaintiffs") respectfully submit this memorandum of law in support of their motion for class certification under Fed. R. Civ. P. 23.

## PRELIMINARY STATEMENT

Named Plaintiffs, on behalf of themselves and all others similarly situated, challenge Defendants' customs, policies, and practices of obtaining default judgments for transit violations and enforcing these judgments, including but not limited to by offsetting state tax refunds in violation of Named Plaintiffs' due process rights. Specifically, Defendants: (i) enter default judgments against putative class members ("class members") for violations of certain rules and regulations of the New York City Transit Authority ("NYCTA") without adequate notice of the violation, the default penalties, and/or the judgment itself; (ii) deny class members meaningful opportunity to contest the transit violations, the default penalties, default judgments, and/or the seizure of funds; and (iii) refuse class members access to documents necessary for class members to challenge default judgments. In addition, Defendants refuse to waive fees charged to review documents necessary to challenge the default judgments (including documentations supporting the underlying violation itself), despite a class member's indigence.

Named Plaintiffs move the Court for an order pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, certifying a class consisting of the following members: All persons against whom TAB has entered or will enter a default judgment and for whom TAB has not provided or will not provide access to the notice of violation, notice of default judgment, or any other documents necessary for the class member to challenge the judgment and its enforcement.

## BACKGROUND

This civil rights class action challenges the lack of due process afforded individuals by Defendant NYCTA in connection with default judgments for alleged violations of transit rules of conduct.  (Compl. ¶ 1.)  Named Plaintiffs, both individuals with extremely low incomes, first learned that the NYCTA obtained default judgments against them when they received notice that their state tax refunds had been or would be offset to enforce the judgments.  (*Id*. ¶ 2; Declaration of Nathaniel Robinson ("Robinson Decl.") at ¶ 12; Declaration of David Evans ("Evans Decl.") at ¶ 13.)  NYCTA obtained the default judgments without Named Plaintiffs' knowledge more than a decade ago and, in some instances, as many as twenty years ago.  (Compl. ¶ 3; Robinson Decl. ¶ 20; Evans Decl. ¶ 22.)  Because Defendants fail and refuse to provide Named Plaintiffs the most basic information concerning the alleged violations, including copies of any relevant Notice of Violation ("NOV"), Named Plaintiffs cannot contest effectively the default judgments and the seizures of their tax refunds.  (Compl. ¶ 4; Robinson Decl. ¶ 26; Evans Decl. ¶ 29.) Defendants' customs, policies, and practices with respect to obtaining and enforcing default judgments, including for some putative class members through tax refund offsets, have affected thousands of individuals, violating their due process rights under the Fourteenth Amendment to the United States Constitution.  (Compl. ¶¶ 5-7, 58.)

NYCTA operates the New York City Bus, the New York City Subway, and the Staten Island Railway.  *See* N.Y. Pub. Auth. Law § 1202(1); http://web.mta.info/nyct/facts/ about_us.htm.  NYCTA promulgates Rules of Conduct ("Rules") for those who use the New York City's transit system and is responsible for operating the Transit Adjudication Bureau ("TAB").  *See* N.Y. Pub. Auth. Law §§ 1203-a(3), 1204(5-a).  Those NOVs are then adjudicated in administrative hearings conducted by TAB.  *See* N.Y. Pub. Auth. Law § 1209-a.  A NOV

"shall contain information advising the person charged of the manner and the time within which such person may either admit or deny the offense charged in the notice." *See* N.Y. Pub. Auth. Law § 1209-a(5). Furthermore, a NOV must advise the person that a failure to respond to the notice "*may* result in a default decision and order being entered against such person, and the imposition of supplemental penalties[.]" *See* N.Y. Pub. Auth. Law § 1209-a(5) (emphasis added). By law, TAB is required to file and retain a copy of each NOV. *See* N.Y. Pub. Auth. Law § 1209-a(5). But TAB's guidelines governing its proceedings—adopted pursuant to N.Y. Pub. Auth. Law § 1209-a(4)(d) (the "Guidelines")—permit TAB to destroy records after four months, even though TAB seeks to enforce judgments for NOVs years later. *See* Guidelines § 1.8(a).

New York law requires that an NOV be delivered within the state to the person charged of a violation and that TAB notify any such person of a default decision by first-class mail before a default judgment may be entered. *See* N.Y. Pub. Auth. Law §§ 1209-a(5), 1209-a(9)(c); *see also* Guidelines § 3.8(b). In 2016, however, the New York State Comptroller audited TAB's collection practices and released a report (the "Report") that stated approximately 40% of the random sample of NOVs reviewed for the Report contain inaccurate address information. Despite these known inaccuracies, TAB takes advantage of NYCTA's authority under NY Tax § 171-f to certify debt owed to it that is "past due and legally enforceable" to the Commissioner of the Department of Taxation and Finance ("DTF") to offset a tax refund to pay the outstanding debt as part of the Statewide Offset Program ("SWOP"). TAB's Guidelines further allow TAB to impose: (i) a $25 default penalty if the individual fails to appear at TAB on his or her designated hearing date; and (ii) a second $25 default penalty if the individual failed to appear at the designated hearing date and remains in default more than 30 days afterwards. Because TAB

does not make reasonable efforts to ensure the accuracy of address information before referring a default judgment to SWOP—or even require accurate address information as prerequisite before referral to SWOP—the putative class members do not receive the notices they are entitled to under New York law.  (*See* Compl. ¶¶ 38-42.)

By the time class members do discover that their money has been seized, TAB's policy and practice of not retaining all NOVs means that those NOVs necessary to confirm that TAB's default judgments have been entered against the correct person upon proper notice are unavailable for review.  (*Id*. ¶ 43.)  And, even where TAB has maintained original or scanned copies of documents such as a NOV, TAB does not consistently produce documents to persons requesting them.  (*Id*. ¶ 45.)  Instead, TAB's custom, policy, and practice is to provide a "status letter" and no other information to persons who have default judgments and request copies of their records.  (*Id*. ¶ 49.)  The "status letter" lists only:  (i) a violation number; (ii) the purported issue date; (iii) the "status" of the violation; (iv) the amount purportedly due; and (v) a non-descript summary of the offense, such as "littering, urinating, defecating, spitting, unauth [sic] trash removal" that is wholly inadequate to provide notice of the precise violation.  (*Id*. ¶ 50.)

TAB's customs, policies, and practices thus result in the denial of information necessary to challenge the default judgments.  Thousands of putative class members are unaware that TAB has entered a default judgment against them until their tax refunds are seized by DTF.  By the time many putative class members' tax refunds are seized by DTF, the putative class members have no way to challenge the offset because TAB either has already destroyed all the evidence that those persons could have used to support their claims and/or defenses or refuses to provide such evidence.

## ARGUMENT

## I.      THE PROPOSED CLASS MEETS THE REQUIREMENTS OF RULE 23 AND SHOULD BE CERTIFIED

Pursuant to Rule 23 of the Federal Rules of Civil Procedure certification of a class is appropriate when:  (i) all the prerequisites of Rule 23(a) are met; and (ii) one of the three requirements of Rule 23(b) are satisfied.  Fed. R. Civ. P. 23; *see also Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 80 (2d. Cir. 2015) ("Rule 23(a) of the Federal Rules of Civil Procedure provides that a class may be certified only if four prerequisites have been met: numerosity, commonality, typicality, and adequacy of representation" and "[b]eyond these prerequisites, Rule 23(b) provides additional considerations for a district court to consider prior to the certification of a class.").  The proposed class satisfies the threshold requirements of Rule 23(a) and seeks appropriate relief available under Rule 23(b)(2).

## A.      The Proposed Class Meets the Prerequisites of Rule 23(a)

Rule 23(a) requires that "(1) the class is so numerous that joinder of all of its members is impracticable; (2) questions of law or fact common to the class are present; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will sufficiently protect the interests of the class."  Fed. R. Civ. P. 23(a).

## 1.      The Proposed Class is Sufficiently Numerous

The numerosity requirement is satisfied when "the class is so numerous that joinder of all of its members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Evidence of the exact class size and identity of class members is not required.  *Floyd v. City of New York*, 283 F.R.D. 153, 161 (S.D.N.Y. 2012) (citing *Robidoux v. Celani*, 987 F.2d 931, 935-36 (2d Cir. 1993)).  "The exact

5

number of class members need not be known," *In re Winstar Comm. Sec. Litig*, 290 F.R.D. 437, 443 (S.D.N.Y. 2013) (citing *Robidoux*, 987 F.2d at 935), and a court may "make common sense assumptions regarding numerosity." *In re Vivendi Universal, S.A.*, 242 F.R.D. 76, 83 (S.D.N.Y. 2007), *aff'd sub nom. In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223 (2d Cir. 2016) (citations omitted).  Numerosity is presumed when a proposed class consists of at least forty plaintiffs. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (citing *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)).

Here, there are thousands of proposed class members.  In 2016, the New York State Comptroller audited the Transit Adjudication Bureau ("TAB"), which Defendants operate.  The Comptroller assessed TAB's collection practices and released a report (the "Report") stating that there were 1.7 million outstanding judgments as of December 31, 2015.  (Ex. A to the Declaration of Raúl Carrillo ("Carrillo Dec.").)  This supports a finding of numerosity.  *See, e.g.*, *Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279, 290 (S.D.N.Y.) ("The tens of thousands of default judgments obtained by defendants . . . support[s] the conclusion that the proposed class[ is] sufficiently numerous."), *aff'd*, 780 F.3d 70 (2d. Cir. 2015).  Furthermore, the Report stated that approximately 40 percent of a random sample of Notices of Violations ("NOVs") reviewed contained inaccurate address information, indicating that a large percentage of people against whom TAB seeks to enforce judgments regularly may not receive notices of the violations, default penalties, judgments entered, or seizure of funds to enforce those judgments.  (*See* Carrillo Dec. Ex. A.)

Impracticability of joinder need not mean impossibility; it is enough for joinder to be inconvenient and difficult.  *M.G. v. New York City Dep't of Educ.*, 162 F.Supp.3d 216, 232 (S.D.N.Y. 2016) (citing *Central States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco*

*Managed Care, LLC*, 504 F.3d 229, 244–45 (2d Cir. 2007); *see also Robidoux*, 987 F.2d at 935. Courts may also consider several factors such as "judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." *Pennsylvania Pub. School Employees' Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 120 (2d Cir. 2014) ("[T]he numerosity inquiry is not strictly mathematical but must take into account the context of the particular case, in particular whether a class is superior to joinder based on other relevant factors."); *see also Robidoux*, 987 F.2d at 936.

Here, judicial economy would be served by certifying the proposed class because:  (i) the filing of individual actions would lead to the possibility of inconsistent results; (ii) the sheer numbers of possible claims could easily overwhelm the court system; (iii) many of the putative class members are indigent and lack the resources to initiate individual actions; and (iv) still other class members, by the nature of the wrong inflicted on them by Defendants' conduct, lack the very knowledge necessary to bring individual actions.  As a result, joinder will be impracticable because plaintiffs are so numerous and the class ought to be certified.

### 2.    The Proposed Class Shares Common Questions of Law and Fact

The commonality requirement is satisfied when "questions of law or fact common to the class are present."  Fed. R. Civ. P. 23(a)(2).  Rule 23 "does not require that all questions of law or fact raised in the litigation be common; indeed even a single question of law or fact common to the members of the class will satisfy the commonality requirement."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 368-69 (2011).  Class members' claims must "depend upon a common contention" "capable of classwide resolution" such that "determination of its truth or falsity will

resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 338. The relevant inquiry is whether a class action can "generat[e] common answers apt to drive the resolution of the litigation." *Id.* Important here, "[c]ommonality is assumed where the plaintiff seeks declaratory relief as opposed to individual relief." *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 205 (E.D.N.Y. 2005).

Furthermore, "[c]ommonality requires the plaintiff[s] to demonstrate that the class members have suffered the same injury. . . not merely that they have suffered a violation of the same provision of law." *Sykes*, 780 F.3d at 80 (quoting *Wal-Mart*, 564 U.S. at 350). However, the claims of each class members do not need to be identical; the commonality requirement is satisfied when the defendant applies a common course of prohibited conduct to class members that is not specific to a particular plaintiff. *Johnson v. Nextel Communications*, 780 F.R.D. 128, 137-138 (2d Cir. 2015) ("Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question."); *see also Sykes,* 780 F.3d at 84 ("The district court thus determined that the common injury in this case, which was the same for all plaintiffs, is a fraudulently procured default judgment. We conclude that this commonality determination was not an abuse of discretion.").

Thus, factual disparities among class members are not sufficient to defeat commonality so long as all were subject to the same conduct by defendants. *See e.g., Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234 (2d Cir. 2011) (finding that commonality requirement is met by class of restaurant workers subject to the same payment policies of the employer despite differences in positions and hours worked); *Vargas v. Howard*, 324 F.R.D. 319, 326 (S.D.N.Y. 2018) (finding that factual disparities among plaintiffs' circumstances "do not go to whether there are common questions of law and fact amongst the class members"); *Stinson v. City of N.Y.,* 282 F.R.D. 360, 369 (S.D.N.Y. 2012) (certifying class of New York residents who had been issued summonses

by police officers without probable cause despite variations in circumstances of class members); *Daniels v. City of New York*, 198 F.R.D. 409, 417 (S.D.N.Y.2001) ("The fact that the claims of the proposed class stem from the same alleged unconstitutional conduct of the defendants proves the existence of common questions of law or fact."); *Ventura v. New York City Health and Hosps. Corp.*, 125 F.R.D. 595, 600 (S.D.N.Y.1989) ("Several other courts in this Circuit similarly have held that the existence of individualized factors or variations does not preclude [a] finding of [the] existence of common questions where pattern, practice or policy exists.") (collecting cases).

Here, proposed class members have suffered the same harm; namely, the entry and/or enforcement of default judgments without due process. At issue is the constitutionality of Defendants' custom, policies, and practices in entering and enforcing judgments for transit violations without notice. Notwithstanding that each class member may have been issued violations for different conduct, Defendants apply the same customs, policies, and practices to each class member when they: (i) enter default judgments against class members without adequate notice of the transit violation, the default penalties, and/or the judgment itself; (ii) deny class members any meaningful opportunity to contest the transit violation, the default penalties, default judgment, and/or the seizure of funds, including but not limited to tax refund offsets; and (iii) refuse class members access to documents relevant to the default judgment, including by failing to waive document-viewing fees for indigent class members. Because Defendants engaged in the same course of conduct against all members of the proposed class, Defendants' practices resulted in the same deprivation of the class members' constitutional rights. *See Johnson*, 780 F.R.D. at 137-38; *Sykes*, 780 F.3d at 84. Consequently, there are numerous questions of law and fact common to the class, including:

(a)     whether TAB preserves documents, including copies of NOVs, necessary
for class members to determine whether to contest default judgments and
their enforcement;

(b)     whether TAB's custom, policies, and practice is to refuse to provide
copies of NOVs and other documents to class members seeking to contest
default judgments and their enforcement;

(c)     whether TAB's custom, policy, and practice is to refuse to waive the fees
it charges class members to view a copy of a NOV and other documents
related thereto when the class member is indigent;

(d)     whether TAB certifies judgments to DTF for tax refund offset even when
it has destroyed or cannot otherwise provide the documents that
demonstrate the alleged underlying violation(s) of the Rules of Conduct;
and

(e)     whether TAB has entered or will enter a default judgment.

For these reasons, the proposed class satisfies the commonality requirement.

### 3.     Named Plaintiffs' Claims are Typical of the Proposed Class

The typicality requirement is satisfied when the "claims or defenses of the representative
parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The rule
requires that "each member's claim arises from the same course of events and each member
makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings,
Ltd. Securities Litigation*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux*, 987 F.2d at 936).

Similar to the commonality requirement, Rule 23(a)(3) does not require that the
representative party's claims be identical to those of all class members. *Robidoux*, 987 F.2d at

10

936-37 ("When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class . . . . the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying the individual claims.").  The commonality and typicality requirements tend to "merge" "as guideposts for determining whether under the particular circumstances maintenance of a class action is economical."  *Wal-Mart,* 564 U.S. at 372, n.5 (2011) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157, n.13 (1982)).

Named Plaintiffs' claims readily meet the typicality requirement.  The claims of Named Plaintiffs Evans and Robinson arise from the same course of events and conduct by Defendants. Similar to the proposed class members, Named Plaintiffs did not receive notice of the default penalties, default judgment, and the seizure of funds.  Similar to many of the proposed class members, Named Plaintiffs are indigent and unable to afford document-viewing fees imposed by Defendants.  Named Plaintiffs' claims arise from the same course of unlawful conduct perpetrated by Defendants, are grounded upon the same legal theory of due process, and are not adverse to those of other class members.  In sum, notwithstanding any factual disparities among class members, the typicality requirement is met.

### 4.    Named Plaintiffs Will Adequately Represent the Proposed Class

Finally, movant must show that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  That requirement is satisfied here.

First, the interests of the Named Plaintiffs are not antagonistic to the remaining class members.  *Marisol A.*, 126 F.3d at 378 (citing *In re Drexel*, 960 F.2d at 291).  Named Plaintiffs and class members seek similar relief such that if the named plaintiffs prevail, all class members will benefit from the result.  *See Reynolds*, 118 F. Supp. 2d at 390 (S.D.N.Y 2000) (certifying class because interests of the plaintiffs "appear to be identical to those of the proposed class

because all are subject to the same allegedly unconstitutional actions by defendants").  Named Plaintiffs challenge Defendants' unconstitutional conduct such that a favorable result would benefit all others who currently have or will have default judgments entered against them without due notice of the violation, penalties, and the judgments itself.  To defeat the adequacy requirement, there must be a fundamental conflict of interest.  *In re Flag Telecom Holdings,* 574 F.3d at 35.  No such conflict is present in this case.

Second, Named Plaintiffs' class counsel are "qualified, experienced and generally able to conduct the litigation."  *Fort Worth Employees' Retirement Fund v. J.P Morgan Chase & Co.*, 301 F.R.D. 116, 134 (S.D.N.Y. 2014) (citing *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).  The adequacy requirement ensures "the efficiency and fairness of class certification."  *Fort Worth Employees,* 574 F.3d at 29 (quoting *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997); *see Reynolds v. Giuliani*, 118 F. Supp. 2d 352, 390 (S.D.N.Y 2000) (certifying class because counsel are experienced in class action litigation and have demonstrated to vigorously prosecute plaintiffs' claims).  Named Plaintiffs' counsel are experienced in federal court civil rights and class action litigation.  The National Center for Law and Economic Justice has litigated numerous federal court class actions to enforce the due process rights of low-income people.  The New Economy Project regularly pursues impact litigation to challenge institutions that perpetuate inequality and poverty.  Drinker Biddle & Reath LLP is a national law firm that has extensive experience litigating complex class actions.  The law firm of Gerald S. Hartman has litigated many class action and pattern and practice cases nationwide.

**B.** **The Proposed Class Meets the Second Circuit's Additional Ascertainability Requirement**

"[T]he touchstone of ascertainability is whether the class is 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" *Brecher v. Republic of Argentina*, 802 F.3d 303, 304 (2d Cir. 2015) (quoting 7A Charles Alan Wright & Arther R. Miller et al., Federal Practice & Procedure § 1760 (3d ed. 1998)).  A class is ascertainable when a court can determine membership or identify class members "without having to answer numerous fact-intensive questions."  *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 207 (E.D.N.Y. 2005) (citing *Daniels v. City of New York*, 198 F.R.D. 409, 414 (S.D.N.Y. 2001)) (finding a class ascertainable because identification of members is possible by reviewing documents under the custody and control of the defendants).  Here, the proposed class consists of all persons against whom TAB has entered or will enter a default judgment and for whom TAB has not provided or will not provide access to the notice of violation, notice of default judgment, or any other documents necessary for the class member to challenge the judgment and its enforcement, a well-defined group of people who can be identified through the simple review of documents already in the Defendants' possession:  namely, TAB's records of adjudication of violations and judgments.

**C.** **The Proposed Class Meets the Requirements of Rule 23(b)**

In addition to satisfying Rule 23(a), the proposed class must also satisfy one of the three conditions listed in Rule 23(b).  Fed. R. Civ. P. 23(b).  The proposed class here seeks injunctive and declaratory relief under Rule 23(b)(2).

**1.** **The Proposed Class Meets the Requirements of Rule 23(b)(2)**

Rule 23(b)(2) is satisfied when the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is

appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360 (citations omitted). Subdivision (b)(2) was added to Rule 23 in 1966 primarily to facilitate the bringing of class actions in the civil rights area. *See* Advisory Committee's Note to the 1966 Amendment to Rule 23. Accordingly, Rule 23(b)(2) has been utilized most frequently in class actions seeking to vindicate a wide range of constitutional rights. *See, e.g., Marisol*, 126 F.3d 372.

Here, Named Plaintiffs request: (i) a declaration that Defendants have deprived class members of their due process rights, and (ii) an injunction that orders Defendants to cease these unconstitutional practices to reflect that declaratory relief. The harms that Named Plaintiffs have suffered and other class members will continue to suffer—namely, the deprivation of their due process rights by Defendants—can be addressed only through class-wide relief. This action is thus precisely the type of case for which Rule 23(b)(2) was intended.

In sum, Named Plaintiffs do not seek individualized relief but rather bring this suit to effect a systemic change in the Defendants' procedures. Their contentions against Defendants are applicable to the class as a whole and can be resolved by a single injunction and declaratory relief.

**CONCLUSION**

For the foregoing reasons, Named Plaintiffs respectfully request that the Court certify the

class pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

Dated:  New York, New York                    Respectfully submitted,
       February 21, 2019

                                              **DRINKER BIDDLE & REATH LLP**

                                              By:  /s/ Clay J. Pierce
                                                         Clay J. Pierce
                                                         Andrew L. Van Houter
                                                         Justin M. Ginter

                                            1177 Avenue of the Americas
                                            41st Floor
                                            New York, NY 10036
                                            212-248-3140
                                            Clay.Pierce@dbr.com
                                            Andrew.VanHouter@dbr.com
                                            Justin.Ginter@dbr.com

                                            Marc Cohan
                                            Katharine Deabler-Meadows
                                            Claudia Wilner
                                            **NATIONAL CENTER FOR LAW**
                                            **AND ECONOMIC JUSTICE, INC.**
                                            275 Seventh Avenue, Suite 1506
                                            New York, New York 10001
                                            (212) 633-6967

                                            Susan Shin
                                            Raúl Carrillo
                                            **NEW ECONOMY PROJECT**
                                            121 W. 27th St., Suite 804
                                            New York, NY 10001
                                            (212) 680-5100

-and-

Gerald S. Hartman*
**LAW OFFICES OF GERALD S. HARTMAN**
3607 Whispering Lane
Falls Church, VA 22041
(703) 919-0423
*\* Seeking Admission Pro Hac Vice*