UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHANIEL ROBINSON and DAVID EVANS, on behalf of themselves and all others similarly situated,

                    Plaintiffs,

    -against-

NEW YORK CITY TRANSIT AUTHORITY; FERNANDO FERRER, in his official capacity as Acting Chairman of the New York City Transit Authority, and ANDY BYFORD, in his official capacity as President of the New York City Transit Authority,

                    Defendants.

Case No. 19-cv-01404

**ANSWER**

Defendants New York City Transit Authority ("NYCTA"), Fernando Ferrer, and Andy Byford (collectively "Defendants"), by and through their attorneys Hoguet Newman Regal & Kenney, LLP, hereby answer the allegations in the Complaint as follows:

## ALLEGED INTRODUCTION

1. Paragraph 1 states legal conclusions to which no response is required.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 are too vague to be answered, but if they require an answer Defendants deny the allegations.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

1

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

**ALLEGED PARTIES**

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10 and state that NYCTA is a public benefit corporation created and existing pursuant to the New York State Public Authorities Law ("PAL") § 1201 *et seq.*, and is responsible for providing bus and subway service within the City of New York.

11. Paragraph 11 states a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. Paragraph 12 states a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13 of the Complaint, except aver (or state) that the Transit Adjudication Bureau ("TAB") in NYCTA was created pursuant to PAL Section 1209-a, and an Executive Director is appointed by the President of NYCTA, and refer the Court to PAL Section 1209-a for a full and accurate statement of its contents.

14. Defendants deny the allegations in Paragraph 14 of the Complaint, refer to PAL §109-a (concerning the appointment and duties of Hearing Officers) and state that NYCTA compensates the Hearing Officers.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint and refer the Court to PAL Section 1209-a(10) entitled "Funds" for full and accurate statement of its contents.

## ALLEGED JURISDICTION AND VENUE

16. Paragraph 16 states a legal conclusion to which no response is required.

17. Paragraph 17 states a legal conclusion to which no response is required.

18. Paragraph 18 states a legal conclusion to which no response is required.

## ALLEGED STATUTORY AND REGULATORY SCHEME

19. Defendants deny the allegations in Paragraph 19, except state that NYCTA is a public benefit corporation created and existing pursuant to the PAL § 1201 *et seq.*, and is responsible for providing bus and subway service within the City of New York, and refer the Court to the cited statutes for a full and accurate statement of their contents.

20. Defendants deny the allegations in Paragraph 20, and refer the Court to the cited statutes for a full and accurate statement of their contents.

21. Defendants deny the allegations in Paragraph 21 and refer the Court to the cited statute for a full and accurate statement of its contents.

22. Defendants deny the allegations in Paragraph 22 and refer the Court to the cited statute for a full and accurate statement of its contents.

23. Defendants deny the allegations in Paragraph 23 and refer the Court to the cited statute for a full and accurate statement of its contents.

24. Defendants deny the allegations and refer the Court to the cited statute for a full and accurate statement of its contents.

25. Defendants deny the allegations in Paragraph 25 and refer the Court to the cited statute for a full and accurate statement of its contents.

26. Defendants deny the allegations in Paragraph 26 to the extent Plaintiffs quote directly from the statute and refer the Court to the cited statute for a full and accurate statement of its contents.

27. Defendants deny the allegations in Paragraph 27, and refer the Court to the cited Guidelines and statute for a full and accurate statement of their contents.

28. Defendants deny the allegations in Paragraph 28 and refer the Court to the cited Guidelines for a full and accurate statement of their contents.

29. Defendants deny the allegations in Paragraph 29 and refer the Court to the cited statute for a full and accurate statement of its contents.

30. Defendants admit the allegations in Paragraph 30, except refer the Court to the cited statute for a full and accurate statement of its contents.

31. Defendants deny the allegations in Paragraph 30 and refer the Court to the cited statute and Guidelines for a full and accurate statement of their contents.

32. Defendants admit the allegations in Paragraph 32, except refer the Court to the cited statutes for a full and accurate statement of their contents.

33. Defendants deny the allegations in Paragraph 33 and refer the Court to the cited statute for a full and accurate statement of its contents.

34. Defendants admit the allegations in Paragraph 34, except refer the Court to the cited Guidelines for a full and accurate statement of their contents.

35. Defendants admit the allegations in Paragraph 35, except refer the Court to the cited Guidelines for a full and accurate statement of their contents.

## ALLEGED FACTS COMMON TO THE CLASS

36. Paragraph 36 states legal conclusions that require no response, and Defendants refer the Court to the cited statutes and Guidelines for a full and accurate statement of their contents.

37. Defendants deny the allegations in Paragraph 37 of the Complaint but admit that the New York State Comptroller released a report in 2016 entitled "Practices Used by the Transit Adjudication Bureau to Collect and Account for Fines and Fees" and refer the Court to that document for a full and accurate statement of its contents.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint but admit that TAB sends a letter to the last known address in its files prior to making a SWOP referral.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44, but admit that TAB's hearing guidelines require the NOVs be maintained for at least four months, and refer the Court to the referenced guidelines for a full and accurate statement of their contents.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint but admit that a status letter contains a violation number or numbers, and for each violation provides the "issue date," the "status," the "offense," the "amount due," among other information.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint and refer the Court to the "status letter" for its true meaning and import.

53. Defendants admit the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 58 of the Complaint.

**THE ALLEGED NAMED PLAINTIFFS**

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 regarding Mr. Evans's receipt of notices.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint

72. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

73. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, but admit that Mr. Evans visited the TAB office on or about April 19, 2017.

74. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, but admit that Mr. Evans visited the TAB office on or about April 19, 2017, and further state that Mr. Evans was provided with a status letter dated April 19, 2017 that provides a list of violation numbers, dates, statuses and offenses, along with the amount due for each, and that the total amount due was $1,904.63.

75. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, but admit that Mr. Evans visited the TAB office on August 17, 2017.

76. Defendants admit the allegations in Paragraph 76 of the Complaint.

77. Defendants admit the allegations in Paragraph 77 of the Complaint.

78. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants admit the allegations in Paragraph 81 of the Complaint.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 regarding whether Mr. Evans had "received" such notice.

83. Defendants admit that the New Economy Project sent a letter to TAB dated November 6, 2017, seeking "copies of any and all documents in your records regarding David Evans."

84. Defendants deny the allegations in Paragraph 84 of the Complaint but admit that Mr. Evans was sent a status letter dated December 15, 2017.

85. Defendants admit the allegations in Paragraph 85 of the Complaint, except deny knowledge or information sufficient to form a belief as to the alleged assistance provided by counsel.

86. Defendants admit the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint and refer the Court to the document cited in this Paragraph for a full and accurate statement of its contents.

88. Defendants deny the allegations in Paragraph 88 of the Complaint and refer the Court to the document cited in this Paragraph for a full recitation of its contents.

89. Defendants deny the allegations in Paragraph 89 of the Complaint and refer the Court to the document cited in this Paragraph for a full recitation of its contents.

90. Defendants deny the allegations in Paragraph 90 of the Complaint and refer the Court to the document cited in this Paragraph for a full recitation of its contents, but admit that Mr. Evans was ordered to appear no sooner than 60 days after the notices were sent with information to support his claims of legally valid excuses to vacate the default judgments.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 regarding Mr. Evans's allegation that he never "received" any "First Notice of Default."

93. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 regarding Mr. Evans's allegation that he never "received" any "Notice of Impending Judgment"

94. Defendants deny the allegations in Paragraph 94 of the Complaint but admit that the quoted language appears in NYCTA's response to Mr. Evans' request to vacate the default judgments associated with NOVs 081014396 and 072881849, and refer the Court to the record referenced for a full and accurate statement of its contents.

95. Defendants deny the allegations in Paragraph 95 of the Complaint but admit that the TAB hearing officer denied the requests to vacate Violation Nos. 087001760, 081031812, 096387500 and 038140155.

96. Defendants deny the allegations in Paragraph 96 of the Complaint but admit that on or about February 21, 2018, TAB responded to Mr. Evans' request for more information with regard to NOV Nos. 084996551, 086408071 and 085650988.

97. Defendants deny the allegations in Paragraph 97 of the Complaint but admit that the quoted language appears in the communications from TAB dated February 21, 2018, regarding NOV Nos. 084996551, 086508071 and 085650988 and refer the Court to the referenced communications for a full and accurate statement of their contents.

98. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 regarding Mr. Evans's allegation that he never "received" any "First Notice of Default" from TAB.

99. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 regarding Mr. Evans's allegation that he never "received" any "Notice of Impending Judgment" from TAB.

100. Defendants deny the allegations in Paragraph 100 of the Complaint but admit that the quoted language appears in the communications from TAB dated February 21, 2018, regarding NOV Nos. 084996551, 086508071 and 085650988 and refer the Court to the referenced communications for a full and accurate statement of their contents

101. Defendants deny the allegations in Paragraph 101 of the Complaint but admit that the quoted language appears in the communications from TAB dated February 21, 2018, regarding NOV Nos. 084996551, 086508071 and 085650988 and refer the Court to the communications for a full and accurate statement of their contents.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

106. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107 of the Complaint.

108. Defendants deny the allegations in Paragraph 108 of the Complaint and state that NOV#083504154 was vacated and dismissed.

109. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.

110. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, but admit that TAB has not vacated any of the judgments or returned any of the money to Mr. Evans because it was applied to Mr. Evans' outstanding judgments.

112. Defendants admit the allegations in Paragraph 112 of the Complaint.

113. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, but further state that Mr. Evans' future tax returns would not be subject to offset if Mr. Evans was to pay the outstanding debts to NYCTA prior to the SWOP process being initiated for 2020.

114. Defendants deny the allegations in Paragraph 114 of the Complaint.

115. Defendants deny the allegations in Paragraph 115 of the Complaint, but state that NOVs usually contain specific dates, times, and locations of the infractions and the name of the person to whom the violation was issued.

116. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

### *Alleged Named Plaintiff Nathaniel Robinson*

118. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120.

121. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121.

122. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123 of the Complaint but admit that there is an August 31, 2017, letter from TAB (addressed to Mr. Robinson?) that lists two offenses by Mr. Robinson (?) and states a total amount due of $418.78.

124. Defendants deny the allegations in Paragraph 124 of the Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Complaint.

126. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127 of the Complaint.

128. Defendants admit the allegations in Paragraph 128 of the Complaint.

129. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 regarding Mr. Robinson's allegation that he never "received" notice that a default judgment would be or hard been entered against him for either violation.

130. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 regarding Mr. Robinson's allegation that he never "received" notice that any TAB default judgment against him would be or had been referred to SWOP.

131. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 regarding Mr. Robinson's claim that he "had no notice" of the TAB default judgments against him.

132. Defendants deny the allegations in Paragraph 132 of the Complaint but admit that the New Economy Project sent a letter to TAB dated November 6, 2017, requesting "copies of any and all documents in your records regarding Nathaniel Robinson" and refer to the letter cited for a full and accurate statement of its contents.

133. Defendants deny the allegations in Paragraph 133 of the Complaint but admit that a status letter was provided on December 15, 2017.

134. Defendants deny the allegations in Paragraph 134 of the Complaint but admit that TAB did not provide copies of the NOVs to Mr. Robinson.

135. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint but admit that Mr. Robinson submitted requests dated November 15, 2017, to vacate the TAB default judgments.

136. Defendants deny the allegations in Paragraph 136 of the Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

137. Defendants deny the allegations in Paragraph 137 of the Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

138. Defendants deny the allegations in Paragraph 138 of the Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

139. Defendants deny the allegations in Paragraph 139 of the Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

140. Defendants deny the allegations in Paragraph 140 of the Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

141. Defendants deny the allegations in Paragraph 141 of the Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

142. Defendants deny the allegations in Paragraph 142 of the Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

143. Defendants deny the allegations in Paragraph 143 of the Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

144. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 regarding Mr. Robinson's allegation that he never "received" any "Default Decision and Order" from TAB regarding these two alleged violations.

145. Defendants deny the allegations in Paragraph 145 of the Complaint.

146. Defendants deny the allegations in Paragraph 146 of the Complaint.

147. Defendants deny the allegations in Paragraph 147 of the Complaint.

148. Defendants deny the allegations in Paragraph 148 of the Complaint.

149. Defendants deny the allegations in Paragraph 149 of the Complaint.

150. Defendants deny the allegations in Paragraph 150 of the Complaint.

151. Defendants deny the allegations in Paragraph 151 of the Complaint.

152. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152.

153. Defendants admit the allegations in Paragraph 153 of the Complaint.

154. Defendants admit the allegations in Paragraph 154 of the Complaint.

155. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, but further state that Mr. Robinson's future tax returns would not be subject to offset if Mr. Evans was to pay the outstanding debts to NYCTA prior to the SWOP process being initiated for 2020.

156. Defendants deny the allegations in Paragraph 156 of the Complaint.

157. Defendants deny the allegations in Paragraph 157 but state that NOVs usually contain specific dates, times, and locations of the infractions and the name of the person to whom the violation was issued.

158. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.

159. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

## CLASS ALLEGATIONS

160.   Defendants deny the allegations in Paragraph 160 of the Complaint.

161.   Defendants deny the allegations in Paragraph 161 of the Complaint.

162.   Defendants deny the allegations in Paragraph 162 of the Complaint

163.   Defendants deny the allegations in Paragraph 163 of the Complaint.

164.   Defendants deny the allegations in Paragraph 164 of the Complaint.

165.   Defendants deny the allegations in Paragraph 165 of the Complaint.

166.   Defendants deny the allegations in Paragraph 166 of the Complaint

167.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168.

169.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169.

170.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170.

171.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.

## FIRST CAUSE OF ACTION

**Due Process Violation – Deprivation of Notice and Opportunity to be Heard**

172.   Defendants repeat and reiterate the responses to Paragraphs 1 through 171 as if set forth fully herein.

173. Defendants deny the allegations in Paragraph 173 of the Complaint, and to the extent the allegations contained in such paragraphs constitute legal conclusions, make no answer to those legal conclusions, as no answer is necessary and also refer this Court to the statutes cited therein for their true contents and import.

## SECOND CAUSE OF ACTION

### Due Process Violation – Refusal to Waive Fees Based Upon Indigence

174. Defendants repeat and reiterate the responses to Paragraphs 1 through 174 as if set forth fully herein.

175. Defendants deny the allegations in Paragraph 175 of the Complaint, and to the extent the allegations contained in such paragraphs constitute legal conclusions, make no answer to those legal conclusions, as no answer is necessary and also refer this Court to the statutes cited therein for their true contents and import.

## THIRD CAUSE OF ACTION

### Due Process Violation – Deliberate Indifference to Constitutional Rights

176. Defendants repeat and reiterate the responses to Paragraphs 1 through 175 as if set forth fully herein.

177. Defendants deny the allegations in Paragraph 177 of the Complaint and to the extent the allegations contained in such paragraphs constitute legal conclusions, make no answer to those legal conclusions, as no answer is necessary and also refer this Court to the statutes cited therein for their true meaning and import.

## AS AND FOR A FIRST DEFENSE

178.	Plaintiffs fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

179.	This action and/or the claims of specific purported class members may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

## AS AND FOR A THIRD DEFENSE

180.	Plaintiffs have failed to meet the requirements set forth under Rule 23(a) and(b)(2) of the Federal Rules of Civil Procedure for class action certification, and thus, class certification should be denied.

## AS AND FOR A FOURTH DEFENSE

181.	 All actions taken by Defendants have at all times been lawful and proper, were taken in good faith, and were in accordance with federal, state and city laws and constitutions.

## AS AND FOR A FIFTH DEFENSE

182.	Plaintiffs have failed to mitigate damages.

## RESERVATION OF RIGHTS

The Transit Defendants reserve the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

**WHEREFORE,** Defendants Deny that Plaintiffs are entitled to the relief requested in the Complaint or any relief whatsoever and demands judgment dismissing the Complaint with prejudice, together with costs, disbursements and reasonable attorneys' fees.

Dated: New York, New York
April 2, 2019

By: _____
Ira J. Lipton (IL-4835)
Helene R. Hechtkopf (HH-7402)
HOGUET NEWMAN REGAL & KENNEY, LLP
60 East 42nd Street, 48th Floor
New York, NY 10165
Phone: 212-689-8808

*Attorneys for Defendants New York City Transit Authority, Fernando Ferrer and Andy Byford*