UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHANIEL ROBINSON and DAVID EVANS, on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs,<br><br>   v.<br><br>NEW YORK CITY TRANSIT AUTHORITY; FERNANDO FERRER, in his official capacity as Chairman of the New York City Transit Authority; and ANDY BYFORD, in his official capacity as President of the New York City Transit Authority,<br><br>                          Defendants. | Civil Action No.<br><br>19-CV-1404 (AT) (BCM) |

**JOINT STATEMENT OF PLAINTIFFS AND DEFENDANTS
IN ADVANCE OF INITIAL CASE MANAGEMENT CONFERENCE**

In accordance with Your Honor's Order of March 21, 2019, the parties hereby submit this pre-conference statement:

1.     **Date of Initial Conference:** April 11, 2019 at 9:30 a.m.

    **Appearances at the Initial Conference:**

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| **DRINKER BIDDLE & REATH LLP**<br>Clay J. Pierce<br>1177 Avenue of the Americas<br>41st Floor<br>New York, New York 10036<br>Telephone: (212) 248-3186 | **HOGUET NEWMAN REGAL & KENNEY, LLP**<br>Helene R. Hechtkopf<br>Ira J. Lipton<br>60 East 42nd Street<br>48th Floor<br>New York, New York 10165<br>Telephone: (212) 689-8808 |

1

**NATIONAL CENTER FOR LAW**
**AND ECONOMIC JUSTICE**
Katherine Deabler
275 7th Ave.
New York, New York 10001
Telephone: (212) 633-6967

**NEW ECONOMY PROJECT**
Susan Shin
121 West 27th Street
New York, New York 10001
Telephone: (212) 680-5100

2. **Statement of the Nature of the Case:**

   **Plaintiffs' Statement:**

   In this civil rights putative class action, Plaintiffs Nathaniel Robinson and David Evans, on behalf of themselves and all others similarly situated, challenge the lack of due process afforded individuals by Defendants New York City Transit Authority ("NYCTA"), Fernando Ferrer, in his official capacity as Chairman of NYCTA, and Andy Byford, in his official capacity as President of NYCTA, and seek declaratory and injunctive relief pursuant to the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. § 1983.

   Specifically, Defendants: (i) enter default judgments against Plaintiffs and class members for violations of certain rules and regulations of NYCTA without adequate notice of the violation, the default penalties, and/or the judgment itself; (ii) deny class members meaningful opportunity to contest the transit violations, the default penalties, default judgments, and/or the seizure of funds; and (iii) refuse class members access to documents necessary for class members to challenge default judgments. In addition, Defendants refuse to waive fees charged to review documents necessary to challenge the default judgments (including documentations supporting the underlying violation itself), despite a class member's indigence.

   Critically, many members of the putative class, including to Plaintiffs, only first learn that NYCTA obtained default judgments against them when they receive notice that their state tax refunds have been or will be offset to enforce the judgments. Upon learning of the NYCTA default judgments, Defendants fail and refuse to provide Plaintiffs and putative class members the most basic information concerning the alleged violations, including copies of any relevant Notice of Violation. Plaintiffs and putative class members cannot effectively contest the default judgments and, as it pertains to Plaintiffs and many class members, the seizures of their tax refunds. NYCTA's refusal of access to documents necessary to challenge any default judgment deprives them of their constitutional rights.

Accordingly, Defendants' customs, policies, and practices violate the rights of Plaintiffs and the punitive class. Plaintiffs and the class they represent, therefore, request an injunction:

(i) prohibiting NYCTA from certifying default judgments to the Department of Taxation and Finance for tax refund offsets or otherwise enforcing the default judgments until such time as it has developed procedures to provide class members adequate notice and an opportunity to be heard; and

(ii) barring NYCTA from certifying these judgments to the Department of Taxation and Finance in cases where it does not possess and/or cannot obtain a copy of the original Notice of Violation, Default Decision and Order, or other documents that are in the record.

**Defendants' Statement:**

Defendants dispute the allegations as stated by Plaintiffs. NYCTA provides adequate pre- and post-deprivation process, in accordance with the United States Constitution.

In particular, individuals are personally issued Notices of Violation for violating the Rules of Conduct governing the use of transit facilities (issued by the New York Police Department, and not NYCTA) and receive notice by U.S. Mail if they fail to appear for their adjudicatory hearing, and receive a second notice of default if they continue to fail to appear. Individuals are also notified by U.S. Mail before their tax returns are garnished by the New York State Department of Taxation and Finance. Additionally, individuals are afforded a meaningful opportunity to contest a default judgment before the judgment is collected, and to contest the garnishment after their tax returns are garnished.

Finally, individuals can request a copy of their Notice of Violation(s), as well as other documents in their case files, by appearing at the NYCTA TAB office.

**Jurisdiction/Venue:** There is no dispute regarding jurisdiction or venue.

**Rule 12 Motions:** The parties do not currently anticipate filing a Rule 12(b) or (c) motion.

3. **Proposed Deadlines for Amendment:**

The parties propose that the deadline for the joinder of additional parties or the amendment of pleadings be **January 10, 2020,** provided that the parties may seek leave to amend at a subsequent date based on a showing of good cause.

4. **Proposed Discovery Schedule:**

   a. Date for exchange of initial disclosures: **May 13, 2019**.

   b. Date for service of initial document requests and interrogatories: **June 12, 2019**.

   c. Date by which all fact depositions will be completed: **February 10, 2020**.

   d. Date for close of fact discovery: **February 10, 2020**.

   e. Dates by which each party's expert report(s) or other expert disclosure and any responding reports will be supplied to the adversary: **March 11, 2020 and April 1, 2020, respectively**.

   f. Date for close of all discovery: **May 1, 2020**.

5. **Proposed Limitations on Discovery:**

   None at this time other than those provided in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practices.

   Defendants will request that the Court enter an F.R.E. 502(d) order.

6. **Anticipated Discovery Issues that May Warrant Attention:** None at this time.

7. **Date for a Status Conference Prior to the Close of Fact Discovery:** January 10, 2020.

8. **Mediation and Settlement Conference:** The case should be scheduled for a settlement conference on **May 15, 2020**.

9. **Deadline for Pre-Motion Conference Request Regarding Summary Judgment:** June 12, 2020.

10. **Trial:** The parties anticipate that trial will require one week. Plaintiffs request a jury trial.

11. **Trial before Magistrate:** The parties prefer to defer the decision of whether to consent to trial before the designated magistrate judge.

5

Respectfully submitted this 4th day of April, 2019.

| ATTORNEYS FOR PLAINTIFFS: | ATTORNEYS FOR DEFENDANTS: |
|---|---|
| By: _/s/ Clay J. Pierce_____ | By: _/s/ Helene R. Hechtkopf____ |
| **DRINKER BIDDLE & REATH LLP** | **HOGUET NEWMAN REGAL & KENNEY, LLP** |
| Clay J. Pierce | Helene R. Hechtkopf |
| 1177 Avenue of the Americas | 60 East 42nd Street |
| New York, New York 10036 | 48th Floor |
| Telephone: (973) 549-7142 | New York, New York 10165 |
| | Telephone: (212) 689-8808 |