UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHANIEL ROBINSON and DAVID
EVANS, on behalf of themselves and all others
similarly situated,

                   Plaintiffs,

-against-

NEW YORK CITY TRANSIT AUTHORITY;
PATRICK FOYE, in his official capacity as
Acting Chairman of the New York City Transit
Authority, and ANDY BYFORD, in his official
capacity as President of the New York City
Transit Authority,

                   Defendants.

Case No. 19-cv-01404

**ANSWER TO FIRST
AMENDED COMPLAINT**

Defendants New York City Transit Authority ("NYCTA"), Patrick Foye, and Andy

Byford (collectively "Defendants"), by and through their attorneys Hoguet Newman Regal &

Kenney, LLP, hereby answer the allegations in the Complaint as follows:

**ALLEGED INTRODUCTION**

1.      Paragraph 1 states legal conclusions to which no response is required.

2.      Defendants deny the allegations in Paragraph 2 of the First Amended Complaint.

3.      Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4 of the First Amended Complaint.

5.      Defendants deny the allegations in Paragraph 5 of the First Amended Complaint.

6.      Defendants deny the allegations in Paragraph 6 of the First Amended Complaint.

7.     Defendants deny the allegations in the first sentence of Paragraph 7.  The allegations in the second sentence of Paragraph 7 are too vague to be answered, but if they require an answer Defendants deny the allegations.

8.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.     Defendants deny the allegations in Paragraph 9 of the First Amended Complaint.

## ALLEGED PARTIES

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12 and state that NYCTA is a public benefit corporation created and existing pursuant to the New York State Public Authorities Law ("PAL") § 1201 *et seq*., and is responsible for providing bus and subway service within the City of New York.

13.     Paragraph 13 states a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 13.

14.     Paragraph 14 states a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations in Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15 of the Complaint, except aver (or state) that the Transit Adjudication Bureau ("TAB") in NYCTA was created pursuant to PAL Section 1209-a, and an Executive Director is appointed by the President of NYCTA, and refer the Court to PAL Section 1209-a for a full and accurate statement of its contents.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint, refer to PAL §109-a (concerning the appointment and duties of Hearing Officers) and state that NYCTA compensates the Hearing Officers.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint and refer the Court to PAL Section 1209-a(10) entitled "Funds" for full and accurate statement of its contents.

## ALLEGED JURISDICTION AND VENUE

18.     Paragraph 18 states a legal conclusion to which no response is required.

19.     Paragraph 19 states a legal conclusion to which no response is required.

20.     Paragraph 20 states a legal conclusion to which no response is required.

## ALLEGED STATUTORY AND REGULATORY SCHEME

21.     Defendants deny the allegations in Paragraph 21, except state that NYCTA is a public benefit corporation created and existing pursuant to the PAL § 1201 *et seq*., and is responsible for providing bus and subway service within the City of New York, and refer the Court to the cited statutes for a full and accurate statement of their contents.

22.     Defendants deny the allegations in Paragraph 22, and refer the Court to the cited statutes for a full and accurate statement of their contents.

23.     Defendants deny the allegations in Paragraph 23 and refer the Court to the cited statute for a full and accurate statement of its contents.

24.     Defendants deny the allegations in Paragraph 24 and refer the Court to the cited statute for a full and accurate statement of its contents.

25.     Defendants deny the allegations in Paragraph 25 and refer the Court to the cited statute for a full and accurate statement of its contents.

26.     Defendants deny the allegations in Paragraph 26 and refer the Court to the cited statute for a full and accurate statement of its contents.

27.     Defendants deny the allegations in Paragraph 27 and refer the Court to the cited statute for a full and accurate statement of its contents.

28.     Defendants deny the allegations in Paragraph 28 and refer the Court to the cited statute for a full and accurate statement of its contents.

29.     Defendants admit that prior to 2016, TAB had an informal practice as described in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30 of the First Amended Complaint.

31.     Defendants deny the allegations in Paragraph 31 and refer the Court to the cited Guidelines and statute for a full and accurate statement of its contents.

32.     Defendants deny the allegations in Paragraph 32, and refer the Court to the cited Guidelines for a full and accurate statement of their contents.

33.     Defendants deny the allegations in Paragraph 33 and refer the Court to the cited statute for a full and accurate statement of their contents.

34.     Defendants deny the allegations in Paragraph 34, except refer the Court to the cited Guidelines and statute for a full and accurate statement of its contents.

35.     Defendants deny the allegations in Paragraph 35 and refer the Court to the cited statute for a full and accurate statement of their contents.

36.     Defendants deny the allegations in Paragraph 36, except refer the Court to the cited statute for a full and accurate statement of their contents.

37.     Defendants deny the allegations in Paragraph 37, except refer the Court to the cited statute for a full and accurate statement of their contents.

38.     Defendants deny the allegations in Paragraph 38, except refer the Court to the cited statute for a full and accurate statement of their contents.

39.     Defendants deny the allegations in Paragraph 39, except refer the Court to the cited Guidelines for a full and accurate statement of their contents.

40.     Defendants deny the allegations in Paragraph 40, except refer the Court to the cited Guidelines for a full and accurate statement of their contents.

## ALLEGED FACTS COMMON TO THE CLASS

41.     Paragraph 41 states legal conclusions that require no response, and Defendants refer the Court to the cited statutes and Guidelines for a full and accurate statement of their contents.

42.     Defendants deny the allegations in in Paragraph 42 of the First Amended Complaint.

43.     Defendants deny the allegations in in Paragraph 43 of the First Amended Complaint.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in in Paragraph 44 of the First Amended Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the First Amended Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the First Amended Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the First Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the First Amended Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the First Amended Complaint but admit that the New York State Comptroller released a report in 2016 entitled "Practices Used

by the Transit Adjudication Bureau to Collect and Account for Fines and Fees" and refer the Court to that document for a full and accurate statement of its contents.

50.     Defendants deny the allegations in Paragraph 50 of the First Amended Complaint and refer the Court to the New York State Comptroller's report for a full and accurate statement of its contents.

51.     Defendants deny the allegations in Paragraph 51 of the First Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the First Amended Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the First Amended Complaint

54.     Defendants admit the allegations in Paragraph 54 of the First Amended Complaint.

55.     Defendants admit the allegations in Paragraph 55 of the First Amended Complaint

56.     Defendants deny the allegations in Paragraph 56 of the First Amended Complaint but admit that TAB sends a letter to the last known address in its files prior to making a SWOP referral.

57.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the First Amended Complaint.

58.     Defendants admit that TAB is the agency responsible for drafting and designing the NOV.

59.     Defendants deny the allegations in Paragraph 59 but admit that the limited space on the NOV summons currently includes instructions for responding to the NOV and does not include information on post-default judgment statutory interest rates.

60.     Defendants deny the allegations in Paragraph 60 of the First Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 but admit that the limited space on the NOV summons currently does not include information about the possibility of collecting of unpaid NOV fines through the state tax refund offset program.

62.     Defendants deny the allegations in Paragraph 62 of the First Amended Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the First Amended Complaint, and further refer the Court to TAB Operations Manual and TABIS Business Requirements Document which require that all NOVs received by TAB be scanned and retained in digital and paper format.

64.     Defendants deny the allegations in Paragraph 64, except refer the Court to TAB's policy which is to retain NOVs for 20 years or as long as they are eligible for the SWOP.

65.     Defendants deny the allegations in Paragraph 65 but admit that TAB is authorized by statute to enforce default judgment for up to 20 years.

66.     Defendants deny the allegations in Paragraph 66 of the First Amended Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the First Amended Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the First Amended Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the First Amended Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the First Amended Complaint but admit that a status letter contains a violation number or numbers, and for each violation provides the "issue date," the "status," the "offense," the "amount due," among other information.

72.     Defendants deny the allegations in Paragraph 72 of the First Amended Complaint and refer the Court to the "status letter" for its true meaning and import.

73.    Defendants deny the allegations in Paragraph 73 of the First Amended Complaint and refer the Court to the "status letter" for its true meaning and import.

74.    Defendants deny the allegations in Paragraph 74 of the First Amended Complaint and refer the Court to the "status letter" for its true meaning and import.

75.    Defendants deny the allegations in Paragraph 75 of the First Amended Complaint and refer the Court to the "status letter" for its true meaning and import.

76.    Defendants admit the allegations in Paragraph 76 of the First Amended Complaint and refer the Court to the "status letter" for its true meaning and import.

77.    Defendants deny the allegations in in Paragraph 77 of the First Amended Complaint.

78.    Defendants admit the allegations in Paragraph 78, except to refer the Court to TAB's new policy which is to charge $1 per document for any document requested by a Respondent.

79.    Defendants deny the allegations in Paragraph 79 of the First Amended Complaint and refer the Court to the referenced policy for its true meaning and import.

80.    Defendants deny the allegations in Paragraph 80.

81.    Defendants deny the allegations in Paragraph 81.

82.    Defendants deny the allegations in Paragraph 82, except to refer the Court to TAB's policies for its true meaning and import.

83.    Defendants deny the allegations in Paragraph 83.

84.    Defendants deny the allegations in Paragraph 84, but admit that NOVs issued between 2008 and the present are stored on the TABIS system and that NOVs issued between

2002 and 2008 are stored on CD, and further state that NOVs are also maintained in their paper form.

85.     Defendants admit the allegations in Paragraph 85 of the First Amended Complaint.

86.     Defendants deny the allegation in Paragraph 86 and refer the Court to TAB Operations Manual for full and accurate statement of its policies and practices.

87.     Defendants deny the allegations in Paragraph 87 of the First Amended Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the First Amended Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the First Amended Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the First Amended Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the First Amended Complaint.

## THE ALLEGED NAMED PLAINTIFFS

92.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 regarding Mr. Evans's receipt of notices.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100 of the First Amended Complaint.

101.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102 of the First Amended Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint

104.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the First Amended Complaint.

105.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, but admit that Mr. Evans visited the TAB office on or about April 19, 2017.

106.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, but admit that Mr. Evans visited the TAB office on or about April 19, 2017, and further state that Mr. Evans was provided with a status letter dated April 19, 2017 that provides a list of violation numbers, dates, statuses and offenses, along with the amount due for each, and that the total amount due was $1,904.63.

107.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint, but admit that Mr. Evans visited the TAB office on August 17, 2017.

108. Defendants admit the allegations in Paragraph 108 of the First Amended Complaint.

109. Defendants admit the allegations in Paragraph 109 of the First Amended Complaint.

110. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants admit the allegations in Paragraph 113 of the First Amended Complaint.

114. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 regarding whether Mr. Evans had "received" such notice.

115. Defendants admit that the New Economy Project sent a letter to TAB dated November 6, 2017, seeking "copies of any and all documents in your records regarding David Evans."

116. Defendants deny the allegations in Paragraph 116 of the First Amended Complaint but admit that Mr. Evans was sent a status letter dated December 15, 2017.

117. Defendants admit the allegations in Paragraph 117 of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to the alleged assistance provided by counsel.

118. Defendants admit the allegations in Paragraph 118 of the First Amended Complaint.

119.     Defendants deny the allegations in Paragraph 119 of the First Amended Complaint and refer the Court to the document cited in this Paragraph for a full and accurate statement of its contents.

120.     Defendants admit the allegations in Paragraph 120.

121.     Defendants deny the allegations in Paragraph 121, but admit that TAB referred the default judgment based on Violation No. 083504154 to SWOP.

122.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 regarding whether Mr. Evans received copies of the NOV.

123.     Defendants deny the allegations in Paragraph 123.

124.     Defendants deny the allegations in Paragraph 124 but admit that the TAB hearing officer who reviewed Mr. Evan's request to vacate the default judgment related to NOV No. 081031812 denied his request.

125.     Defendants deny the allegations in Paragraph 125 and state that that TAB has not vacated any of the judgments or returned any of the money to Mr. Evans.

126.     Defendants admit the allegations in Paragraph 126 of the First Amended Complaint.

127.     Defendants deny the allegations in Paragraph 127, but admit that TAB referred the default judgment based on NOV No. 081031812 to SWOP.

128.     Defendants deny the allegations in Paragraph 128 of the First Amended Complaint.

129.     Defendants deny the allegations in Paragraph 129 of the First Amended Complaint.

130.    Defendants deny the allegations in Paragraph 128 of the First Amended Complaint 125 but admit that that TAB has not vacated any of the judgments or returned any of the money to Mr. Evans because it was applied to Mr. Evans' outstanding judgments.

131.    Defendants admit the allegations in Paragraph 131.

132.    Defendants deny the allegations in Paragraph 132 but admit that TAB referred the default judgment based on NOV No. 072881849 to SWOP.

133.    Defendants deny the allegations in Paragraph 133 of the First Amended Complaint and refer the Court to the document cited in this Paragraph for a full recitation of its contents, but admit that Mr. Evans was ordered to appear no sooner than 60 days after the notices were sent with information to support his claims of legally valid excuses to vacate the default judgments.

134.    Defendants deny the allegations in Paragraph 134 of the First Amended Complaint.

135.    Defendants deny the allegations in Paragraph 135 of the First Amended Complaint.

136.    Defendants deny the allegations in Paragraph 136 of the First Amended Complaint.

137.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 regarding Mr. Evans's allegation that he never "received" any "First Notice of Default."

138.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 regarding Mr. Evans's allegation that he never "received" any "Notice of Impending Judgment"

139.     Defendants deny the allegations in Paragraph 139 of the Complaint but admit that the quoted language appears in NYCTA's response to Mr. Evans' request to vacate the default judgments associated with NOVs 081014396 and 072881849, and refer the Court to the record referenced for a full and accurate statement of its contents.

140.     Defendants deny the allegations in Paragraph 140 of the Complaint but admit that the TAB hearing officer denied the requests to vacate Violation Nos. 087001760, 081031812, 096387500 and 038140155.

141.     Defendants deny the allegations in Paragraph 141 of the First Amended Complaint.

142.     Defendants deny the allegations in the first sentence of Paragraph 142. Defendants admit that on or about February 21, 2018, TAB responded to Mr. Evans' request for more information with regard to NOV Nos. 084996551, 086408071 and 085650988.

143.     Defendants deny the allegations in Paragraph 143 of the Complaint but admit that the quoted language appears in the communications from TAB dated February 21, 2018, regarding NOV Nos. 084996551, 086508071 and 085650988 and refer the Court to the referenced communications for a full and accurate statement of their contents.

144.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 regarding Mr. Evans's allegation that he never "received" any "First Notice of Default" from TAB.

145.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 regarding Mr. Evans's allegation that he never "received" any "Notice of Impending Judgment" from TAB.

146.    Defendants deny the allegations in Paragraph 146 of the Complaint but admit that the quoted language appears in the communications from TAB dated February 21, 2018, regarding NOV Nos. 084996551, 086508071 and 085650988 and refer the Court to the referenced communications for a full and accurate statement of their contents

147.    Defendants deny the allegations in Paragraph 147 of the Complaint but admit that the quoted language appears in the communications from TAB dated February 21, 2018, regarding NOV Nos. 084996551, 086508071 and 085650988 and refer the Court to the communications for a full and accurate statement of their contents.

148.    Defendants admit the allegations in Paragraph 148 of the First Amended Complaint.

149.    Defendants admit the allegations in Paragraph 149 of the First Amended Complaint.

150.    Defendants deny the allegations in Paragraph 150 of the First Amended Complaint.

151.    Defendants admit the allegations in Paragraph 151 of the First Amended Complaint.

152.    Defendants admit the allegations in Paragraph 152 of the First Amended Complaint.

153.    Defendants deny the allegations in Paragraph 153 of the First Amended Complaint.

154.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154.

155.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155.

156.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156.

157.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157.

158.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations in Paragraph 160 of the Complaint and state that NOV#083504154 was vacated and dismissed.

161.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163.

164.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, but admit that TAB has not vacated any of the judgments or returned any of the money to Mr. Evans because it was applied to Mr. Evans' outstanding judgments.

165.    Defendants deny the allegations in Paragraph 165 of the First Amended Complaint.

166.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, but further state that Mr. Evans' future tax returns would not be subject to offset if Mr. Evans was to pay the outstanding debts to NYCTA prior to the SWOP process being initiated for 2020.

167.     Defendants deny the allegations in Paragraph 167 of the First Amended Complaint.

168.     Defendants deny the allegations in Paragraph 168 of the First Amended Complaint, but state that NOVs usually contain specific dates, times, and locations of the infractions and the name of the person to whom the violation was issued.

169.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169.

170.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170.

### Alleged Named Plaintiff Nathaniel Robinson

171.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.

172.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.

173.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173.

174.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174.

175.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175.

176.    Defendants deny the allegations in Paragraph 176 of the Complaint but admit that there is an August 31, 2017, letter from TAB, addressed to Mr. Robinson that lists two offenses by Mr. Robinson and states a total amount due of $418.78.

177.    Defendants deny the allegations in Paragraph 177 of the First Amended Complaint.

178.    Defendants deny the allegations in Paragraph 178 of the First Amended Complaint.

179.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179.

180.    Defendants deny the allegations in Paragraph 180 of the First Amended Complaint.

181.    Defendants admit the allegations in Paragraph 181 of the First Amended Complaint.

182.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 regarding Mr. Robinson's allegation that he never "received" notice that a default judgment would be or hard been entered against him for either violation.

183.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 regarding Mr. Robinson's allegation that he never "received" notice that any TAB default judgment against him would be or had been referred to SWOP.

184. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 regarding Mr. Robinson's claim that he "had no notice" of the TAB default judgments against him.

185. Defendants deny the allegations in Paragraph 185 of the First Amended Complaint but admit that the New Economy Project sent a letter to TAB dated November 6, 2017, requesting "copies of any and all documents in your records regarding Nathaniel Robinson" and refer to the letter cited for a full and accurate statement of its contents.

186. Defendants deny the allegations in Paragraph 186 of the First Amended Complaint but admit that a status letter was provided on December 15, 2017.

187. Defendants deny the allegations in Paragraph 187 of the First Amended Complaint but admit that TAB did not provide copies of the NOVs to Mr. Robinson.

188. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the First Amended Complaint but admit that Mr. Robinson submitted requests dated November 15, 2017, to vacate the TAB default judgments.

189. Defendants deny the allegations in Paragraph 189 of the First Amended Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

190. Defendants deny the allegations in Paragraph 190 of the First Amended Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

191. Defendants deny the allegations in Paragraph 191 of the First Amended Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

192.    Defendants deny the allegations in Paragraph 192 of the First Amended Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

193.    Defendants deny the allegations in Paragraph 193 of the First Amended Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

194.    Defendants deny the allegations in Paragraph 194 of the First Amended Complaint and refer the Court to the document cited for a full and accurate statement of its contents.

195.    Defendants deny the allegations in Paragraph 195 of the First Amended Complaint and refer the Court to the document cited for a full and accurate statement of its contents.  TAB does not have a record of  "unsafe riding" NOV dated July 18, 1997, for Mr. Robinson, but Defendants admit that the default judgment for Mr. Robinson's "unsafe riding" NOV issued on April 16, 1997 was entered on July 18, 1997 and received an OCA number on December 19, 2013.

196.    Defendants deny the allegations in Paragraph 196 of the First Amended Complaint.

197.    Defendants deny the allegations in Paragraph 197 of the First Amended Complaint.

198.    Defendants deny the allegations in Paragraph 198 but admit that TAB referred the default judgment based on an "unsafe riding" NOV to SWOP.

199.    Defendants deny the allegations in Paragraph 199 of the First Amended Complaint.

200. Defendants deny the allegations in Paragraph 200 of the First Amended Complaint but admit that TAB referred the NOV dated April 16, 2017, which was in default judgment to SWOP on December 29, 2016.

201. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 regarding Mr. Robinson's allegation that he never "received" any "Default Decision and Order" from TAB regarding these two alleged violations.

202. Defendants deny the allegations in Paragraph 202 of the First Amended Complaint.

203. Defendants deny the allegations in Paragraph 203 of the First Amended Complaint.

204. Defendants deny the allegations in Paragraph 204 of the First Amended Complaint.

205. Defendants deny the allegations in Paragraph 205 of the First Amended Complaint.

206. Defendants deny the allegations in Paragraph 206 of the First Amended Complaint.

207. Defendants deny the allegations in Paragraph 207 of the First Amended Complaint.

208. Defendants deny the allegations in Paragraph 208 of the First Amended Complaint.

209. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209.

210.    Defendants admit the allegations in Paragraph 210 of the First Amended Complaint.

211.    Defendants admit the allegations in Paragraph 211 of the First Amended Complaint.

212.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, but further state that Mr. Robinson's future tax returns would not be subject to offset if Mr. Evans was to pay the outstanding debts to NYCTA prior to the SWOP process being initiated for 2020.

213.    Defendants deny the allegations in Paragraph 213 of the First Amended Complaint.

214.    Defendants deny the allegations in Paragraph 214 but state that NOVs usually contain specific dates, times, and locations of the infractions and the name of the person to whom the violation was issued.

215.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215.


## CLASS ALLEGATIONS

216.    Paragraph 216 contains legal conclusions to which no response is necessary; to the extent a response is necessary, Defendants deny the allegations in Paragraph 216 of the First Amended Complaint.

217.    Defendants deny the allegations in Paragraph 217 of the First Amended Complaint.

218.     Defendants deny the allegations in Paragraph 218 of the First Amended Complaint.

219.     Paragraph 219 contains legal conclusions to which no response is necessary; to the extent a response is necessary, Defendants deny the allegations in Paragraph 219 of the First Amended Complaint.

220.     Paragraph 220 contains legal conclusions to which no response is necessary; to the extent a response is necessary, Defendants deny the allegations in Paragraph 220 of the First Amended Complaint.

221.     Defendants deny the allegations in Paragraph 222 of the First Amended Complaint.

222.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 of the First Amended Complaint

223.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223.

224.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224.

225.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225.

226.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226.

227.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227.

## **FIRST CAUSE OF ACTION**

**Due Process Violation – Deprivation of Notice and Opportunity to be Heard**

228.     Defendants repeat and reiterate the responses to Paragraphs 1 through 228 as if set forth fully herein.

229.     Defendants deny the allegations in Paragraph 229 of the Complaint, and to the extent the allegations contained in such paragraphs constitute legal conclusions, make no answer to those legal conclusions, as no answer is necessary and also refer this Court to the statutes cited therein for their true contents and import.

## SECOND CAUSE OF ACTION

**Due Process Violation – Refusal to Waive Fees Based Upon Indigence**

230.     Defendants repeat and reiterate the responses to Paragraphs 1 through 229 as if set forth fully herein.

231.     Defendants deny the allegations in Paragraph 230 of the Complaint, and to the extent the allegations contained in such paragraphs constitute legal conclusions, make no answer to those legal conclusions, as no answer is necessary and also refer this Court to the statutes cited therein for their true contents and import.

## THIRD CAUSE OF ACTION

**Due Process Violation – Deliberate Indifference to Constitutional Rights**

232.     Defendants repeat and reiterate the responses to Paragraphs 1 through 230 as if set forth fully herein.

233.     Defendants deny the allegations in Paragraph 231 of the Complaint and to the extent the allegations contained in such paragraphs constitute legal conclusions, make no answer to those legal conclusions, as no answer is necessary and also refer this Court to the statutes cited therein for their true meaning and import.

## AS AND FOR A FIRST DEFENSE

234.     Plaintiffs fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

235.     This action and/or the claims of specific purported class members may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

## AS AND FOR A THIRD DEFENSE

236.     Plaintiffs have failed to meet the requirements set forth under Rule 23(a) and(b)(2) of the Federal Rules of Civil Procedure for class action certification, and thus, class certification should be denied.

## AS AND FOR A FOURTH DEFENSE

237.     All actions taken by Defendants have at all times been lawful and proper, were taken in good faith, and were in accordance with federal, state and city laws and constitutions.

## AS AND FOR A FIFTH DEFENSE

238.     Plaintiffs have failed to mitigate damages.

## AS AND FOR A SIXTH DEFENSE

239.     The Complaint is time-barred in whole or in part by the applicable statute of limitations.

## RESERVATION OF RIGHTS

The Transit Defendants reserve the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

**WHEREFORE,** Defendants Deny that Plaintiffs are entitled to the relief requested in the Complaint or any relief whatsoever and demands judgment dismissing the Complaint with prejudice, together with costs, disbursements and reasonable attorneys' fees.

Dated: New York, New York
October 25, 2019

By: _____
Ira J. Lipton (IL-4835)
Helene R. Hechtkopf (HH-7402)
Lejla Hadzic (LH-6985)
HOGUET NEWMAN REGAL & KENNEY, LLP
60 East 42nd Street, 48th Floor
New York, NY 10165
Phone: 212-689-8808

*Attorneys for Defendants New York City Transit Authority, Patrick Foye and Andy Byford*