

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBINSON, et al.,

               Plaintiffs,

-against-

NEW YORK CITY TRANSIT AUTHORITY, et al.,

               Defendants.

---

19-CV-1404 (AT) (BCM)

**AMENDED ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is a letter-motion filed after business hours on Thursday, June 4, 2020 (Dkt. No. 100), seeking a protective order that would block plaintiffs from taking the depositions of two employees of defendant New York City Transit Authority (NYCTA): Dierdre David, whose deposition is scheduled for Monday, June 8, 2020, and Martilee McDermott, whose deposition is scheduled for the following Monday, June 15, 2020. Defendants argue that David and McDermott possess little relevant information; that "any relevant information that would be obtained from [them] can or should have been obtained from the witnesses whose depositions have already been taken and the documents that have been produced"; and that it would be burdensome for the witnesses to testify, and a "significant hardship" for defendants to prepare them for deposition, "during what is already a very difficult time" due to the COVID-19 pandemic. Def. Ltr. at 2, 3. Plaintiffs opposed the protective order application in a responding letter filed this afternoon. (Dkt. No. 101.) Thereafter, defendants filed a reply letter (Dkt. No. 103), which the Court did not see until after its initial order was posted, denying defendant's application without prejudice as to McDermott after the conclusion of David's deposition. (Dkt. No. 104.) For the reasons that follow, the Court adheres to its ruling but clarifies its analysis as set forth herein.

Fact discovery in this action, which was originally scheduled to be completed on February 10, 2020 (Dkt. No. 37), has been extended several times, including an extension granted *sua sponte*

on March 17, 2020, in recognition of the additional time required to arrange remote depositions during the COVID-19 pandemic. (Dkt. No. 93.) Since then the deadline has once again been extended, to July 10, 2020. (Dkt. No. 99.)

The two witnesses whose depositions are now at issue were listed as "persons likely to have discoverable information" in defendants' disclosures made "at the start of this litigation" pursuant to Fed. R. Civ. P. 26(a)(1)(A). Def. Ltr. at 1 n.1. Plaintiffs formally noticed their depositions on November 13, 2019. Pl. Ltr. at 1. On January 14, 2020, after a discovery conference, this Court directed defendants to search both witnesses' ESI during document discovery. (Dkt. No. 80, ¶ 1(a)(i).)[1] Thereafter, there is no indication in the record that defendants raised any objection to either deposition – on relevance grounds, hardship grounds, or otherwise – until May 5, 2020, when, according to plaintiffs, defendants "advised Plaintiffs they thought Ms. David's deposition might be duplicative of [the deposition of Melissa Brody, another NYCTA employee] (which had not yet occurred)." Pl. Ltr. at 1; *see also* Def. Reply Ltr. Ex. 1, at ECF page 9 (May 1, 2020 email from defendants' counsel agreeing to "get dates" for the David and McDermott depositions); *id*. at ECF page 7-8 (May 5, 2020 email from defendants' counsel stating, "We are unsure you will need Deirdre David and Martilee McDermott's depositions[.]"). On June 4, 2020 – a week after the Brody deposition was conducted – counsel for the parties met and conferred by telephone and

---

[1] During the January 14 conference, defendants' counsel argued that NYCTA should not be required to search David's ESI until *after* she sat for deposition, to "find out" whether she likely possessed relevant documents. *See* Tr. of Jan. 14, 2020 Conf. (Dkt. No. 87) at 35:21-36:3. The Court rejected that argument, reasoning that "if the plaintiff has to take Ms. David's deposition without her documents, . . . he'll spend the first four of his one day of seven hours asking her about what sorts of things she did or didn't write emails about. And then we'll have to take her deposition all over again after it turns out that there's some relevant emails in there. We want to avoid that." *Id*. at 36:14-20.

defendants advised plaintiffs that they would file the instant protective order application. Pl. Ltr. at 1.

The facts recounted above would furnish sufficient grounds to deny the application. Defendants' inclusion of David and McDermott in their initial disclosures, this Court's prior determination that they must be treated as custodians for purposes of ESI discovery, and defendants' failure to raise a relevance objection (as distinguished from concerns about duplicative testimony) until very late in the day significantly undercut defendants' current claim that testimony from David and McDermott "would not advance plaintiffs' case." Def. Ltr. at 1. Nor may defendants be heard, at this late date, to complain that it would be unduly burdensome (either to the witnesses or to defense counsel) to require that two duly noticed and long-anticipated depositions of current NYCTA employees proceed remotely; that is, in the same manner that all depositions in this case (and in other cases in this district) are necessarily proceeding during the current public health crisis.

Defendants' delay in making the present application also undercuts their argument that the proposed deposition would be duplicative of testimony that either was obtained or "should have been obtained" (Def. Ltr. 2) from Mary-Ann Maloney, the executive director of NYCTA's Transit Adjudication Bureau (TAB), who testified pursuant to Fed. R. Civ. P. 30(b)(6). Maloney testified more than ten months ago, on July 23, 2019, "before the majority of TAB's documents were produced." Pl. Ltr. at 3 & n.2. Brody testified more recently but, according to plaintiffs, she was unable to answer certain questions put to her at her deposition, stating that "Ms. David has relevant knowledge of those issues." *Id*. at 2. Finally, the Court notes that David and McDermott would be only the third and fourth NYCTA employees to sit for deposition in this putative class action, which "challenges the lack of due process afforded individuals by [NYCTA] in connection with

default judgments for alleged violations of transit rules of conduct." First Amend. Compl. (Dkt. No. 59) ¶ 1. There is thus no claim that plaintiffs have exceeded the number of depositions contemplated by Fed. R. Civ. P. 30(a)(2)(A)(i) or have otherwise engaged in abusive deposition discovery.

The Court having concluded that the deposition testimony sought will be relevant to the claims and defenses asserted herein and proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1), and defendants having failed to show good cause for an order forbidding the testimony altogether, *see* Fed. R. Civ. P. 26(c)(1)(A), defendants' application is DENIED. The David deposition may proceed on June 8, 2020, or on such other date, within the current fact discovery schedule, mutually convenient to counsel and the witness. The Court notes, however, that plaintiffs "are willing to reconsider their request to depose Ms. McDermott . . . after having the benefit of information learned in Ms. David's deposition." Pl. Ltr. at 1.  Consequently, the parties are directed to meet and confer promptly and in good faith after the David deposition to determine whether McDermott's testimony would, at that point, be inappropriately cumulative. If no agreement can be reached, defendants may renew their protective order application as to McDermott. Any such application must be filed at least **three business days** prior to the then-current date of the McDermott deposition.

Dated: New York, New York
       June 5, 2020

**SO ORDERED**.

_____

**BARBARA MOSES**
**United States Magistrate Judge**

4