UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHANIEL ROBINSON and DAVID EVANS, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| -against- | |
| NEW YORK CITY TRANSIT AUTHORITY; PATRICK J. FOYE, in his official capacity as Acting Chairman of the New York City Transit Authority; and SARAH E. FEINBERG, in her official capacity as Interim President of the New York City Transit Authority, | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9/30/2020

19 Civ. 1404 (AT) (BCM)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Nathaniel Robinson and David Evans, move for class certification of their claims against Defendants, the New York City Transit Authority (the "NYCTA"), its president Andy Byford,[1] and its chairman Patrick Foye, related to Defendants' practices for securing default judgments against individuals accused of violating transit regulations.  ECF Nos. 62, 66, 94.  The Court referred the motion to the Honorable Barbara C. Moses for a report and recommendation.  ECF No. 70.  On August 31, 2020, Judge Moses issued a report and recommendation (the "R&R") recommending that Plaintiffs' motion be granted.  R&R at 1, ECF No. 115.  Now before the Court are Defendants' objections to the R&R.  Def. Obj., ECF No. 118.  For the reasons stated below, Defendants' objections are OVERRULED and the R&R is

---

[1] Byford was replaced as NYCTA president by Interim President Sarah Feinberg.  *See* Sarah E. Feinberg, Interim President of the New York City Transit Authority, *The MTA*, https://new.mta.info/people/sarah-e-feinberg.  "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party."  Fed. R. Civ. P. 25(d).

ADOPTED.

**BACKGROUND**[2]

The NYCTA operates a large public transit system and has a Transit Adjudication Bureau (the "TAB") that adjudicates violations of its rules, the "Rules Governing the Conduct and Safety of the Public in the Use of the Facilities of the Authority."  N.Y. Comp. Codes R. & Regs. tit. 21,  pt. 1050 (the "Transit Rules"); *see* N.Y. Pub. Auth. Law ("PAL") § 1209-a (establishing the TAB and setting out its functions, powers, and duties); Guidelines Governing Proceedings before the Transit Adjudication Bureau, ECF No. 63-1 (the "TAB Guidelines"); R&R at 1–2.

A Notice of Violation (a "NOV") starts a proceeding before the TAB, and the alleged violator "may either pay the fine stated or deny the violation charged and request a hearing." TAB Guidelines §§ 2.1–2.2; R&R at 2.  If the alleged violator fails to pay the fine or deny the violation, the TAB may deem the lack of response as an admission of liability and impose a default judgment, fines, and additional penalties.  TAB Guidelines §§ 2.6, 3.7(a), 3.8(a), 4.2; R&R at 2.  Before entering a default, New York law requires the TAB to attempt to notify the alleged violator by first class mail.  PAL §§ 1209-a(5), 1209-a(9)(c); TAB Guidelines §§ 2.1, 3.8(b); R&R at 3.  Once judgment is entered, the TAB may engage the New York Department of Taxation and Finance to offset the amount of the judgment, plus 9% statutory interest, against the alleged violator's tax refund.  *Id.*; N.Y. Tax Law § 171-f.  Before taking this measure, the NYCTA must also make a "reasonable attempt" to warn the alleged violator about the risk to their tax refund.  N.Y. Tax Law § 171-f(3)(c); R&R at 3.

---

[2]  The Court presumes familiarity with the facts as set forth in the R&R, *see* R&R at 1–12, but will reiterate some key factual allegations here.  Because the parties have not objected to the R&R's characterization of the facts, the Court adopts the R&R's "Background" section.  *See Roberts ex rel. Phillip v. Happiness Is Camping, Inc.*, No. 10 Civ. 4548, 2012 WL 844331, at *1 (S.D.N.Y. Mar. 13, 2012).

2

An alleged violator can request that a default judgment be vacated by showing "good cause" exists.  TAB Guidelines § 3.7(c).  However, hearing officers will review these requests on the record, without a formal hearing.  *Id.*; R&R at 2.

Plaintiffs allege that TAB's policies and practices regarding default judgments violate the due process rights of those against whom TAB enters default judgments.  Compl. ¶¶ 1–9, ECF No. 59.  Plaintiffs claim that TAB (1) fails to provide adequate notice regarding potential penalties, *id.* ¶¶ 58–61; (2) enforces default judgments even when it knows that the alleged violator did not receive notice, *id.* ¶¶ 42–43; (3) begins enforcement efforts without confirming that the underlying NOV exists, *id.* ¶¶ 62–67; and (4) fails to produce the NOVs on request when alleged violators seek to vacate default judgments, *id.* ¶¶ 69–91.  Plaintiffs seek to represent a class composed of all people against whom the NYCTA "has obtained or will obtain a default judgment in a New York State court," excluding those who paid their default judgments voluntarily or whose claims are time-barred.  Pl. Supp. Mem. at 1, ECF No. 94.  Evans and Robinson both allege that they are indigent, and that TAB obtained default judgments against them in the late 1990s and early 2000s.  R&R at 4.  Neither received notice of their alleged violations until 2016 or 2017.  *Id.*  By then, the judgments against them had ballooned.  *Id.*  When Evans attempted to challenge the judgments, he was "turned . . . away."  Evans Decl. ¶ 6, ECF No. 64.  When Robinson asked TAB for documents related to his alleged violation, TAB informed him that the documents were not available for review.  Robinson Decl. ¶ 21, ECF No. 65.

On February 13, 2019, Plaintiffs initiated this action.  ECF No. 2.  On October 18, 2019, Plaintiffs filed their class certification motion.  ECF No. 62.  On March 20, 2020, after oral

argument, Plaintiffs filed a supplemental letter revising their proposed class definition.  Pl. Supp. Mem. at 1.

## DISCUSSION

I.      Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error.  *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review.").  An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."  *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).  The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record."  *Oquendo*

*v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II.    Defendants' Objections

Judge Moses recommends that Plaintiffs' motion for class certification be granted because Plaintiffs have shown that the class members had standing, that the class was ascertainable, and that the class meets the requirements of Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.  R&R at 15–28.  In their objections, Defendants largely reiterate their original arguments, or make new arguments that were available to them before Judge Moses.  *See generally* Def. Obj.

A.  Standing

At the class certification stage, standing is a threshold question.  *Med. Soc'y of the State of N.Y. v. UnitedHealth Grp. Inc.*, 332 F.R.D. 138, 146 (S.D.N.Y. 2019).  "To meet the Article III standing requirement, a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision."  *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).  The "injury-in-fact" element requires that plaintiff allege an injury that is both "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotation marks and citations omitted).

Although each purported member of a class need not provide evidence of personal standing, "a class cannot be certified if any person captured within that definition lacks Article III standing."  *Med. Soc'y*, 332 F.R.D. at 146 (internal quotation marks and citation omitted); *Denney*, 443 F.3d at 264 ("[N]o class may be certified that contains members lacking Article III

5

standing.").   Unlike the determinations required by Rule 23(a) and (b), the standing decision

may be made based upon the pleadings, and the Court must "accept as true all material

allegations of the complaint."  *Denney*, 443 F.3d at 263 (quoting *Warth v. Seldin,* 422 U.S. 490,

501(1975)).

Judge Moses found that every proposed class member has had or will have a default

judgment issued against them, which constitutes a concrete and particularized injury, and that

this injury is fairly traceable to the NYCTA's allegedly unconstitutional practices.  R&R at 17–

18.   Defendants argue, for the first time in their objections, that Judge Moses applied the wrong

standard to evaluate standing, and should have relied on *Clapper v. Amnesty International USA,*

568 U.S. 398, 409 (2013).  Def. Obj. at 6–9.  Defendants could have made this argument before

Judge Moses and did not.  *See* Def. Opp. at 4–16, ECF No. 68; Def. Supp. Opp. at 1–2, ECF No.

97.  Thus, this is a new argument that "cannot properly be raised for the first time in objections

to the report and recommendation."  *Razzoli*, 2014 WL 2440771, at *5.  Regardless, the Court

agrees with Judge Moses' standing determination—*Clapper* "does not address the standing of

unnamed class members" and Judge Moses applied the Second Circuit caselaw that does.   Pl.

Opp. at 8, ECF No. 122; R&R at 17.  Defendants also reiterate their original argument that some

of the proposed class members cannot have standing because default judgments were properly

issued against them.  *Compare* Def. Supp. Opp. at 2 *with* Def. Obj. at 7–8.  The Court finds no

clear error in Judge Moses' findings on this issue.  *Wallace*, 2014 WL 2854631, at *1 ("[W]hen a

party . . . simply reiterates his original arguments," the court reviews the report and

recommendation strictly for clear error.).  The Court agrees that the proposed class members

have standing.

B.  Class Certification

For a matter to proceed as a class action, a plaintiff must satisfy the following

prerequisites:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there
> are questions of law or fact common to the class; (3) the claims or defenses of the
> representative parties are typical of the claims or defenses of the class; and (4) the
> representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  In addition to satisfying the Rule 23(a) prerequisites, the plaintiff must

qualify the proposed class under one of three Rule 23(b) categories.  Fed. R. Civ. P. 23(b); *see*

*also Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010).  Rule 23(b)(2)—the provision under

which Plaintiffs move, *see* Pl. Mem. at 5, ECF No. 66—is appropriate in cases in which the

defendants acted or refused to act on grounds that apply generally to the class and the plaintiff

seeks injunctive or declaratory relief, *see* Fed. R. Civ. P. 23(b)(2).  The party seeking class

certification bears the burden of satisfying Rule 23's prerequisites by a preponderance of the

evidence.  *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196,

202 (2d Cir. 2008).

1.  Ascertainability

Although it is "not explicitly spelled out in Rule 23, courts in this circuit have added an

'implied requirement of ascertainability' with respect to the class definition."  *Hamelin v.*

*Faxton-St. Luke's Healthcare,* 274 F.R.D. 385, 393 (N.D.N.Y. 2011) (quoting *In re Initial Public*

*Offerings Sec. Litig.* (*In re IPO*), 471 F.3d 24, 30 (2d Cir. 2006)).  Specifically, courts have

required that "a class be identifiable before it may be properly certified."  *Id.* at 396

(citing *Dunnigan v. Metro. Life. Ins. Co.,* 214 F.R.D. 125, 135 (S.D.N.Y. 2003)).  "An

identifiable class exists if its members can be ascertained by reference to objective

criteria." *Stinson v. City of New York,* 282 F.R.D. 360, 367 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

Judge Moses pointed out that Defendants' counsel conceded at oral argument that "TAB's records identify all individuals with default judgments entered against them."  R&R at 16.   Additionally, "TAB's records include both the date on which a default judgment was entered in a court and whether and when it has been paid," which will enable identification of those excluded from the class.  *Id.*  Defendants object to this finding in a heading, without any analysis.  Def. Obj. at 18.   Because Defendants make "conclusory or general objections," the Court reviews the objection for clear error and finds none.  *Wallace*, 2014 WL 2854631, at *1.

2.   Numerosity

Under Rule 23(a)(1), the class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).   Numerosity can be presumed if the class has at least forty members.  *Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995).  Evidence of exact class size or identity of class members is not required to satisfy the numerosity requirement.  *Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir. 1993).   Rather, a district court must make a factual finding as to the approximate size of the class based on the evidence presented, and then "apply the legal standard governing numerosity."   *See In re IPO,* 471 F.3d at 40 ("Any dispute about the size of the proposed class must be resolved, and a finding of the size of the class, e.g., 50, 100, or more than 200, must be made.").

Judge Moses noted that Plaintiffs submitted evidence showing that a subset of the proposed class alone includes thousands of individuals.  R&R at 21.   At oral argument, Defendants' counsel agreed that such numerosity requirements of Rule 23 were met.  *Id.*  Defendants nonetheless object to this finding, stating that Plaintiffs "are unable to meet the

requirements of showing numerosity" without further analysis.  Def. Obj. at 18.   Because

Defendants make "conclusory or general objections," the Court reviews the objection for clear

error and finds none.  *Wallace*, 2014 WL 2854631, at *1.

    3.   Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class."  Fed.

R. Civ. P. 23(a)(2).  Plaintiffs must "present evidence that a common factual nexus exists among

the purported class."  *See Lewis Tree Serv., Inc. v. Lucent Techs., Inc.,* 211 F.R.D. 228, 232

(S.D.N.Y. 2002).  However, the commonality requirement is to be "liberally construed."  *See*

*Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 156 (S.D.N.Y. 2008) (*quoting Trief v. Dun &*

*Bradstreet Corp.,* 144 F.R.D. 193, 198 (S.D.N.Y. 1992)); *see also Lewis Tree,* 211 F.R.D. at 231

(noting that "the commonality requirement of Rule 23(a)(2) is usually a minimal burden for a

party to shoulder").

The commonality standard does "not mandate that the claims of the lead plaintiff be

identical to those of all other plaintiffs."  *Lapin v. Goldman Sachs & Co.,* 254 F.R.D. 168, 176

(S.D.N.Y. 2008).  Rather, it "require[s] that plaintiffs identify some unifying thread among the

members' claims that warrants class treatment."  *Damassia,* 250 F.R.D. at 156 (*quoting Bolanos*

*v. Norwegian Cruise Lines Ltd.,* 212 F.R.D. 144, 153 (S.D.N.Y. 2002)) (alteration omitted).  The

commonality requirement may be satisfied where plaintiffs' various alleged injuries "derive from

a unitary course of conduct by a single system."  *See Marisol A. v. Giuliani,* 126 F.3d 372, 377

(2d Cir. 1997).

Because "all of the policies, customs, and practices that plaintiffs seek to challenge—both

written and unwritten—are centralized within TAB . . . and apply to all respondents against

whom TAB obtains and enforces default judgments," Judge Moses found that Plaintiffs

adequately established commonality.  R&R at 23, 25.  In making this determination, Judge

Moses rejected Defendants' argument that class certification was inappropriate where the

proposed class identified multiple ways in which TAB's policies violated their due process

rights, because each alleged violation is part of the same overarching scheme.  *Id.* at 23–24.

Defendants now reiterate this same argument.  *Compare* Def. Supp. Opp. at 2–3 *with* Def. Obj. at

10–11.  Defendants argue that Judge Moses incorrectly applied a case predating the Supreme

Court's opinion in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011).  Def. Obj. at

12.  However, Judge Moses thoroughly analyzed the effect of *Wal-Mart* itself, and incorporated

post-*Wal-Mart* decisions into her well-reasoned analysis.  R&R at 22–25 (citing *Westchester

Indep. Living Ctr., Inc. v. State Univ. of New York, Purchase Coll.*, 331 F.R.D. 279, 293

(S.D.N.Y. 2019), *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 84 (2d Cir. 2015), and

*Brooklyn Ctr. for Indep. of the Disabled v. Bloomberg*, 290 F.R.D. 409, 413–14 (S.D.N.Y.

2012)).

        Defendants also argue that "Judge Moses did not probe behind the pleadings before

coming to rest" on the issue of commonality.  Def. Obj. at 12 (internal quotation marks omitted).

To support this proposition, Defendants invoke *Wal-Mart*, but that case involved very different

facts than here.  Def. Obj. at 12.  As Judge Moses correctly observed, the plaintiffs in *Wal-Mart*

"sought to certify a nationwide class of approximately 1.5 million female Wal-Mart employees

without pointing to *any* nationwide policies."  R&R at 23.  In contrast, Plaintiffs here challenge

"a set of policies enacted by a single entity."  Pl. Opp. at 16.

        The Court agrees with Judge Moses that Plaintiffs have adequately established

commonality.

4.  Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  As is well recognized, "The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)." *Marisol A.,* 126 F.3d at 376 (*citing Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 157 n.13 (1982)).  The typicality requirement is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp.,* 960 F.2d 285, 291 (2d Cir. 1992).  As with commonality, typicality is not defeated by "minor variations in the fact patterns underlying individual claims," as long as the wrong is alleged to have occurred in the same general fashion. *Robidoux v. Celani,* 987 F.2d 931, 936–37 (2d Cir. 1993).

Relying on her commonality analysis, "and the fact that all class members . . . have suffered or will suffer the entry of an adverse NYCTA default judgment," Judge Moses found that Plaintiffs adequately established typicality. R&R at 26.  Defendants make no separate arguments regarding typicality other than their arguments about commonality. Def. Obj. at 12–17.  And, as the Court has already held, Defendants arguments are unpersuasive.  The Court agrees with Judge Moses that Plaintiffs have established typicality.

5.  Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Adequacy of representation is evaluated in two ways: by looking to the qualifications of plaintiffs' counsel and by examining the interests of

the named plaintiffs.  *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 60 (2d Cir. 2000).

Defendants do not dispute the adequacy of Plaintiffs' representation and Judge Moses found that Rule 23(a)(4) was satisfied.  R&R at 26; *see* Def. Obj.  When no objection is made, the Court reviews the R&R for clear error.  *Santiago v. Colvin*, 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014).  The Court finds no clear error.

6.   Rule 23(b)(2)

A class action may be maintained if all four Rule 23(a) requirements are met, and the action qualifies under at least one of the subdivisions of Rule 23(b).  Plaintiffs assert that certification is appropriate under both Rules 23(b)(2) and (b)(3).  Pl. Mem. at 5.  A class action may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

Because Plaintiffs seek injunctions that sweep broadly enough to benefit all members of the proposed class, Judge Moses found certification under Rule 23(b)(2) appropriate here.  R&R at 27–28.  Defendants argue that certain groups of members might not benefit from any of the requested relief, making certification under this rule inappropriate.  Def. Obj. at 17–18.  The Court reviews this specific objection *de novo*.  28 U.S.C. § 636(b)(1)(C).

Certification under Rule 23(b) is appropriate even where the relief to each class member is not "identical"—the relief need only be "beneficial."  *Sykes*, 780 F.3d at 97.  Plaintiffs' requested relief meet this standard.  For example, Plaintiffs seek an injunction "barring TAB from enforcing default judgments until it develops procedures that comply with the Due Process Clause."  Pl. Supp. Mem. at 5.  Because every member of the proposed class has or will have a

default judgment entered against them, Plaintiffs' requested relief will benefit every member of the proposed class.  This Court agrees with Judge Moses that certification under Rule 23(b)(2) is appropriate here.

**CONCLUSION**

The Court has reviewed *de novo* those portions of the R&R to which Plaintiff properly objected and has reviewed the remainder of the R&R for clear error.[3]  For the reasons stated above, the Court ADOPTS the R&R in its entirety, and Plaintiffs' motion for class certification is GRANTED.

Because Andy Burford is no longer the president of the NYCTA, it is further ORDERED that Sarah E. Feinberg, the interim president of the NYCTA, be substituted as a party in this action.  *See* Fed. R. Civ. P. 25(d).

The Clerk of Court is directed to terminate the motion at ECF No. 62, amend the caption as styled above.

SO ORDERED.

Dated:  September 30, 2020
        New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.