USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/21/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHANIEL ROBINSON and DAVID EVANS, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

NEW YORK CITY TRANSIT AUTHORITY,

Defendant.

19 Civ. 1404 (AT)

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

ANALISA TORRES, District Judge:

Plaintiffs Nathaniel Robinson and David Evans, on behalf of themselves and all others similarly situated, filed this class action against Defendant, the New York City Transit Authority ("NYCTA"),[1] alleging, *inter alia*, due process violations under the Fourteenth Amendment to the U.S. Constitution related to Defendant's practices for securing default judgments against individuals accused of violating transit regulations. *See generally* ECF No. 59.[2]

Before the Court is the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (the "Motion"), ECF No. 191, the terms of which are set forth in a settlement agreement attached as exhibit B to the declaration of Helene R. Hechtkopf (the "Hechtkopf Declaration") in support of the Motion (the "Settlement" or "Settlement Agreement"), ECF No. 192-2.[3] *See also* ECF Nos. 192–93, 197.

---

[1] Plaintiffs brought suit against NYCTA as well as its president and chairman. *See* ECF No. 59; *see also* ECF No. 123 at 1 n.1. The parties "agree that the caption [should] be amended to remove Defendants [Patrick J.] Foye and [Sarah E.] Feinberg" because "the relief sought pertains only to . . . NYCTA." ECF No. 192-2 at 3. The Court finds that, for purposes of resolving the Motion, amending the caption as the parties suggest is appropriate.

[2] The Court presumes familiarity with the facts and procedural history of this litigation as set forth in the Court's prior orders. *See, e.g.*, ECF No. 115 at 1–12; ECF No. 123 at 2–4.

[3] Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

Having reviewed the Motion, the Settlement Agreement, and all documents and exhibits submitted therewith, the Court GRANTS the Motion and ORDERS as follows:

1. **Preliminary Settlement Approval**. Upon preliminary review, the Court finds that the Settlement is fair, reasonable, and adequate to warrant providing notice to the Settlement Class[4] and, accordingly, is preliminarily approved under Federal Rule of Civil Procedure 23(e)(1). In making this determination, the Court has considered the benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to the Settlement Class, and all of the other factors required by Rule 23. The Parties are directed to perform according to the terms of their Settlement Agreement, except as expressly indicated otherwise by this Order or other ruling of this Court.

2. **Jurisdiction and Venue**. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a), and has personal jurisdiction over the Parties and the Settlement Class. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3. **Settlement Class Counsel**. The Court hereby appoints the National Center for Law and Economic Justice, New Economy Project, Faegre Drinker Biddle and Reath LLP, and the Law Offices of Gerald S. Hartman as class counsel for the Settlement Class (together, "Class Counsel").

---

[4] The Settlement Class consists of "all persons against whom NYCTA has obtained or will obtain a default judgment in a New York State court." ECF No. 115 at 1 (cleaned up); *see also id.* at 16; ECF No. 193 at 5. "Excluded from the [Settlement] [C]lass are persons whose default judgments are not subject to enforcement because they (1) have been fully satisfied by voluntary payment or (2) fall outside the twenty-year statute of limitations period applicable under CPLR § 211(b)." ECF No. 115 at 1; *see also* ECF No. 193 at 5.

4. **Notice to the Settlement Class**. The proposed notice procedures set forth in § II.B of the Settlement Agreement; Paragraphs 4 and 5 of the proposed order submitted by the Parties as exhibit A to the Hechtkopf Declaration, ECF No. 192-1; the sign to be publicly displayed at the Transit Adjudication Bureau ("TAB") attached as exhibit C to the Hechtkopf Declaration, ECF No. 192-3, and the "Notice of Proposed Class Action Settlement [A]bout Due Process Rights at the New York City Transit Adjudication Bureau" attached as exhibit F to the Hechtkopf Declaration, ECF No. 192-6 (the "Notice"), are hereby approved (the "Notice Procedures"). Non-material modifications to these items may be made with approval by the parties but without further order of the Court.

5. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Notice Procedures: (1) will constitute the best practicable notice to the Settlement Class; (2) are reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to the proposed Settlement and other rights under the terms of the Settlement Agreement; (3) are reasonable and constitute due, adequate, and sufficient notice to the Settlement Class and other persons entitled to receive notice; and (4) meet all applicable requirements of law, including under the U.S. Constitution and Rule 23. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by the Settlement Class.

6. **Final Approval Hearing**. A Final Approval Hearing shall be held on **October 24, 2023**, at **1:00 p.m.** in the United States District Court for the Southern District of New York, Courtroom 15D, 500 Pearl Street, New York, NY 10007. The hearing will determine, *inter alia*,

whether: (1) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Rule 23(e), and (2) Final Judgment should be entered and this litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement. Class Counsel shall file their Motion for Final Approval of the Settlement Agreement by **September 26, 2023**. The Parties shall file any responses to objections by **October 3, 2023**.

7. **Continuance of Final Approval Hearing**. If the Court determines that the Final Approval Hearing should not occur at an in-person hearing but rather through remote means, the Court shall issue a subsequent order. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the settlement website. The Court may approve the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

8. **Objections and Appearances**. Any member of the Settlement Class may object to any aspect of the Settlement either on their own or through an attorney hired at their expense. Any member of the Settlement Class who wishes to present objections to the Settlement at the Final Approval Hearing must first do so in writing (the "Notice of Objection"), as described below.

    (a)    The Notice of Objection must contain the full name, address, and telephone number of the member of the Settlement Class, and must be physically signed by the member of the Settlement Class. The Notice of Objection must contain a written statement setting forth the basis for the objection, with any supporting facts or law. To be considered, the Notice of Objection must be mailed to the Honorable Analisa Torres, United States District Court, 500

Pearl Street, New York, NY 10007, no later than thirty (30) days prior to the Final Approval Hearing. The postmark of the Notice of Objection shall be the exclusive means for determining that a Notice of Objection is timely.

(b) An objecting member of the Settlement Class who wishes to appear at the Final Approval Hearing must file with the Clerk of Court a statement that they intend to appear at the Final Approval Hearing no later than twenty-one (21) days prior to the Final Approval Hearing (the "Notice of Intention to Appear"). The Notice of Intention to Appear must include copies of any documents, exhibits, or other evidence that the objecting member of the Settlement Class (or their counsel) propose to present to the Court at the Final Approval Hearing. Any objecting member of the Settlement Class who does not provide a timely and valid Notice of Intention to Appear consistent with these requirements and any other requirements set out in the Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this section and the Notice, may be barred from being heard at the Final Approval Hearing subject to the Court's discretion. Any objecting member of the Settlement Class may withdraw their objection at any time by mailing the Clerk of Court.

(c) Any lawyer representing an objecting member of the Settlement Class for the purpose of raising an objection to the Settlement must file a notice of appearance with the Court no later than twenty-one (21) days prior to the Final Approval Hearing and must also serve copies of the notice of appearance and copies of any documents, exhibits, or other evidence that the

objecting member of the Settlement Class proposes to present to the Court at the Final Approval Hearing by email to counsel for the Parties.

 (d) Any Settlement Class Member who fails to object to the Settlement in the manner described in the Agreement, the Notice, and this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

9. **<u>Retention of Jurisdiction</u>**.  Should the Court enter final approval of the Settlement, the Court shall retain jurisdiction over the matter for one year.

10. **<u>Termination of Settlement</u>**.  This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (1) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (2) there is no Effective Date.  In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

11. **<u>Use of Order</u>**.  This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability.  Nor shall this Order be construed as an admission, concession, or declaration by or against the Plaintiffs or any other member of the Settlement Class that their claims lack merit or that the

relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defense or claims they may have in this litigation or in any other lawsuit.

12. **Necessary Steps**. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

The Clerk of Court is directed to terminate the motion at ECF No. 191.

SO ORDERED.

Dated: June 21, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge