**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NATHANIEL ROBINSON and DAVID
EVANS, on behalf of themselves and others
similarly situated,

                         Plaintiffs,

            -against-

NEW YORK CITY TRANSIT
AUTHORITY and PATRICK J. FOYE, in
his official capacity as Chairman of the New
York City Transit Authority, and SARAH E.
FEINBERG, in her official capacity as
Interim President of the New York City
Transit Authority

                        Defendants.

19-cv-01404 (AT) (BCM)

**JOINT MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES'**
**MOTION FOR FINAL APPROVAL OF SETTLEMENT**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

NATURE OF THE CASE AND PROCEDURAL HISTORY ............................................. 1

SUMMARY OF KEY SETTLEMENT TERMS .................................................................. 4

    I.    The Certified Settlement Class ................................................................... 4

    II.    The Settlement Terms and Benefits ......................................................... 4

    III.    Attorneys' Fees, and Expenses ................................................................. 7

ARGUMENT .............................................................................................................................. 8

    I.    Standard of Review for Final Approval of a Class Action Settlement ................................ 8

    II.    The Proposed Settlement Is Fair, Reasonable, and Adequate ......................................... 9

      A.    The Class Representatives and Class Counsel Have Adequately Represented the Class ................................................................................................. 9

      B.    The Settlement Was Negotiated at Arm's Length ......................................... 10

      C.    The Relief Provided to the Class is Adequate ................................................ 11

         i.    The Relief Provided to the Class is Adequate Considering the Costs, Risks, and Delay of Trial and Appeal ............................................... 12

         ii.    The Relief Provided to the Class is Adequate Considering the Terms of Any Proposed Award of Attorney's Fees, Including Timing of Payment ........................ 13

           1.    The Relief Provided to the Class is Adequate Considering Any Agreement Required to be Identified under Rule 23(e)(3) ........................... 13

         iii.    The Reaction of The Class to The Settlement ............................................ 14

         iv.    The Stage of The Proceedings and The Amount of Discovery Completed ............... 14

         v.    The Risk of Establishing Liability, Injunctive Relief, and Continuing Litigation to Trial .......................................................................... 14

      D.    The Settlement Agreement Treats Class Members Equitably Relative to Each Other .. 15

CONCLUSION ......................................................................................................................... 16

# TABLE OF AUTHORITIES

Cases                                                                                                 Page(s)

*Baudin v. Resource Marketing Corp., LLC*,
    No. 1:19-cv-386 (MAD/CFH), 2020 WL 4732083 (N.D.N.Y. Aug. 13, 2020) ................ 14, 15

*Christine Asia Co. v. Yun Ma*,
    No. 15-md-02631 (CM) (SDA), 2019 WL 5257534 .......................................................... 9, 11

*City of Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974) ............................................................................................. 8

*Clark v. Ecolab, Inc.*,
    No. 07 Civ. 8623 (PAC), No. 04 Civ. 4488 (PAC), & No. 06 Civ. 5672 (PAC),
    2009 WL 6615729 (S.D.N.Y. Nov. 27, 2009) ...................................................................... 9

*Dial Corp. v. News Corp.*,
    317 F.R.D. 426 (S.D.N.Y. 2016) ....................................................................................... 12

*E.E.O.C. v. Bell Atlantic Corp.*,
    Nos. 97 Civ. 6723(DC), 98 Civ. 3427(DC), 99 Civ. 5197(DC),
    2002 WL 31260290 (S.D.N.Y. Oct. 9, 2002) ..................................................................... 10

*Fleisher v. Phoenix Life Ins. Co.*,
    Civil Action Nos. 11-CV-8405 (CM) and 14-cv-8714 (CM)
    2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015) ................................................................. 9, 15

*Gordon v. Vanda Pharms. Inc.*,
    No. 19 CV 1108 (FB)(LB), 2022 WL 4296092 (E.D.N.Y. Sept. 15, 2022) ............................ 11

*In re American Bank Note Holographics, Inc.*,
    127 F. Supp. 2d 418 (S.D.N.Y. 2001) .................................................................................. 9

*In re Giant Interactive Group, Inc. Securities. Litigation*,
    279 F.R.D. 151(S.D.N.Y. 2011) ........................................................................................... 9

*In re Global Crossing Securities & ERISA Litigation*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ....................................................................................... 10

*In re GSE Bonds Antitrust Litigation*,
    414 F. Supp. 3d 686 (S.D.N.Y. 2019) ................................................................................ 10

*Ingles v. Toro*,
    438 F. Supp. 2d 203 (S.D.N.Y. 2006) ................................................................................ 12

*Marisol A. ex rel. Forbes v. Giuliani,*
  185 F.R.D. 152 (S.D.N.Y. 1999) *aff'd sub nom. Joel A. v. Giuliani,*
  218 F.3d 132 (2d Cir. 2000) .......................................................................... 12, 15

*Morris v. Affinity Health Plan, Inc.,*
  859 F. Supp. 2d 611 (S.D.N.Y. 2012)........................................................................ 14

*Moses v. New York Times Co.,*
  79 F. 4th 235 (2d Cir. Aug. 17, 2023)........................................................................ 8, 9

*Oklahoma Firefighters Pension & Retirement Systems v. Lexmark International, Inc.,*
  No. 17cv5543, 2021 WL 76328 (S.D.N.Y. Jan. 7, 2021)...................................... 12, 14

*Robinson v. New York City Transit Authority,*
  *2020 WL* 5884055 (S.D.N.Y. Aug. 31, 2020)...................................................... 4, 15

*Simerlein v. Toyota Motor Corp.,*
  No. 3:17-cv1091 (VAB), 2019 WL 1435055 (D. Conn. 2019)................................ 11

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,*
  396 F.3d 96 (2d Cir. 2005) ........................................................................................ 14

Rules

CPLR  211(b) ................................................................................................................ 2, 4

Fed. R. Civ. P. 23......................................................................................................... 9

Fed. R. Civ. P. 23(e) (2) ........................................................................................ 8, 9, 11

Fed. R. Civ. P. 23(e)(2)(C)(i-iv) .............................................................................. 12

Fed. R. Civ. P. 23(e) ........................................................................................... 1, 3, 10

Fed. R. Civ. P. 23(e)(3) ...................................................................................... 12, 13

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), Lead Plaintiffs Nathaniel Robinson and David Evans ("Plaintiffs"), on behalf of themselves and the Class, and Defendants (together with Plaintiffs, the "parties"), respectfully submit this memorandum of law in support of this joint motion for final approval of the Settlement and a finding that the notice plan preliminarily approved by this Court met all applicable requirements. The terms of the Settlement are set forth in the proposed Settlement Agreement and Order, (ECF No. 192-2) (the "Settlement Agreement"). The Court preliminarily approved the Settlement Agreement on June 21, 2023 (ECF No. 198) (the "Preliminary Approval Order"). Having received no objections from the Class, the parties respectfully request that the Court order the Settlement Agreement approved.

## NATURE OF THE CASE AND PROCEDURAL HISTORY

On February 13, 2019, Plaintiffs filed a putative class action lawsuit alleging that Defendants are in violation of the Fourteenth Amendment of the U.S. Constitution by (1) entering default judgments against them without adequate notice of the transit violation, the default penalties, and/or the judgment itself; (2) denying them meaningful opportunity to contest the transit violation, the default penalties, the default judgment, and/or the tax refund offset; (3) refusing access to documents necessary to challenge any default judgment; (4) not waiving fees for reviewing documents in the Transit Adjudication Bureau ("TAB")'s possession that are necessary to contest the default judgments entered against them, despite Plaintiffs' indigence; and (5) deliberate indifference to the fact that its formal policies, customs and practices will result in the denial of constitutional rights. (ECF No. 2). On October 11, 2019, Plaintiffs filed an Amended Complaint. (ECF No. 59).

Defendants filed an Answer to the Amended Complaint on October 25, 2019, denying the allegations and contending that Plaintiffs had failed to state a claim, that Defendants had at all times acted in accordance with applicable federal, state and local constitutions, laws, rules, regulations and procedures, and further asserting that the complaint was barred in whole or in part by *res judicata*, and/or collateral estoppel. (ECF No. 67).

On September 30, 2020, the Court adopted Magistrate Judge Moses's Report and Recommendation granting class certification, certifying a class consisting of "[a]ll persons against whom [NYCTA] has obtained or will obtain a default judgment in a New York State court. Excluded from the class are persons whose default judgments are not subject to enforcement because they (1) have been fully satisfied by voluntary payment or (2) fall outside the twenty-year statute of limitations period applicable under CPLR 211(b)." *Robinson v. New York City Transit Auth.*, 2020 WL 5884055, *1, 14 (S.D.N.Y. Aug. 31, 2020), *report and recommendation adopted*, 2020 WL 5814189 (S.D.N.Y. Sept. 30, 2020).

Following an extensive exchange of discovery, including ten depositions, on November 11, 2020, the parties cross-moved for summary judgment. Plaintiffs moved on the grounds that (1) Defendants failed to provide class members the requisite constitutional notice before seizing their tax refunds, (2) Defendants employed unconstitutional and secret standards for vacating default judgments, and (3) Defendants failed to provide class members with documents necessary to contest default judgments; and seeking (i) that the Court enjoin Defendants from certifying NYCTA/TAB default judgments to the Department of Taxation and Finance for tax refund offset or wage garnishment, or otherwise enforcing NYCTA/TAB default judgments until such time as they have developed procedures to provide class members adequate notice and an opportunity to be heard; (ii) enjoining Defendants from certifying TAB judgments to the Department of Taxation

and Finance in cases where they do not possess and/or cannot obtain a copy of the original Notice of Violation ("NOV"); and (iii) awarding the Named Plaintiffs a refund of their allegedly improperly seized tax refunds. (*See* ECF Nos. 128-131). Defendants moved on the grounds that TAB's policies and processes complied with all applicable laws. (*See* ECF Nos. 132-135).

On September 30, 2021, the Honorable Barbara Moses issued an Opinion and Order on the parties' cross-motions for summary judgment, finding that (1) Defendants provided constitutionally adequate notice to TAB respondents prior to the seizure of their tax refunds in the form of personal delivery of the Notice of Violation, and three further written notices sent by mail to the address on the Notice of Violation, one of which warns that the debt is being referred for a tax offset; (2) the standards applied by Defendants to determine good cause to vacate a default judgment are constitutionally adequate, but Defendants did not adequately disclose those standards; and (3) denying both parties' motions as to whether TAB has an unconstitutional policy or procedure of refusing to provide copies of NOVs to those seeking to challenge default judgments or has failed to adequately train its personnel on providing such copies. (ECF No. 157).

Following the summary judgment rulings, the parties held ongoing discussions concerning a resolution, and exchanged further information and argument bearing on their respective positions. Following these discussions, and nearly 18 months after the Court's summary judgment rulings, the parties reached an agreement in principle and then negotiated and drafted a settlement agreement. Defense counsel took the lead on preparing the Settlement Agreement, which was presented to the Court for preliminary approval under Rule 23(e). (ECF Nos. 191-193).

The Court preliminarily approved the settlement on June 21, 2023, with a hearing for final approval set for October 24, 2023. (ECF No. 198). On September 13, 2023, the Court rescheduled the hearing date for October 31, 2023, and counsel were ordered to re-notify the class. (ECF No.

201). The deadline to object or request exclusion was set for October 10, 2023. (*See id.*). To date, no class member has filed an objection to the settlement.

## SUMMARY OF KEY SETTLEMENT TERMS

### I.      The Certified Settlement Class

The Court certified a class consisting of "[a]ll persons against whom [NYCTA] has obtained or will obtain a default judgment in a New York State court. Excluded from the class are persons whose default judgments are not subject to enforcement because they (1) have been fully satisfied by voluntary payment or (2) fall outside the twenty-year statute of limitations period applicable under CPLR § 211(b)." *Robinson v. New York City Transit Auth.*, 2020 WL 5884055, *1, 14 (S.D.N.Y. Aug. 31, 2020), *report and recommendation adopted*, 2020 WL 5814189 (S.D.N.Y. Sept. 30, 2020).

### II.     The Settlement Terms and Benefits

TAB has agreed to provide the following equitable relief to the class:

TAB will post information at the Inquiry Desk window about how to request an NOV, NOV Status Letter, and Payment Status Letter. TAB will display this information prominently, so that the information is readily visible to the public.

TAB will revise its "good cause memorandum", which provides guidance to hearing officers on what constitutes a good cause for vacating a default judgment at proceedings brought by a respondent to vacate a default judgment, by instructing hearing officers that a request to vacate a default judgment within 30 days of default may be weighed favorably in determining whether there is good cause for vacating the default judgment. The revised memorandum will continue to include the list of "good cause" already contained in the current version of the good cause

memorandum: false identification, wrong respondent, lack of service, lack of TAB jurisdiction, no prima facie case, lack of mental/physical capacity.

TAB will amend its Guidelines Governing Proceedings Before the Transit Adjudication Bureau ("TAB Guidelines") to include a complete list of its "good cause" standards, or a list of acceptable excuses, for vacating default judgments in accord with the Court's ruling in this case. (*See* ECF No. 157 at 21). If the list of legally valid excuses sets forth guidelines and is not exhaustive, then the published standards will so state. The TAB Guidelines will also be amended to state that a request to vacate a default judgment made within 30 days of default may be weighed favorably in determining whether there is good cause for vacating the default judgment.

Upon a respondent's request for information about an NOV or an NOV Status Letter and/or a Payment Status Letter, TAB will continue to provide the respondent, free of charge, with an NOV Status Letter and/or a Payment Status Letter. Where the respondent does not specifically request an NOV Status Letter or Payment Status Letter, TAB will make reasonable, good-faith efforts to determine if a respondent is seeking information contained in the NOV Status Letter and/or Payment Status Letter and will provide a respondent with an NOV Status Letter and/or Payment Status Letter, as appropriate, in response.

TAB will amend the NOV Status Letter and Payment Status Letter to include the date of judgment for each NOV listed on the letter(s).

TAB will continue its policy of charging no more than $1 per copy of an NOV requested by a respondent for the period of five years following the date the Court grants final approval of this Settlement Agreement.

TAB will continue its policy and practice of retaining the NOV underlying a default judgment for as long as TAB is permitted by law to enforce that default judgment. If a respondent

requests an NOV for a default judgment that is enforceable by TAB and TAB is unable to locate that NOV within 60 days of the completed request, TAB will promptly cease any enforcement of that NOV, vacate the default judgment associated with that NOV, and dismiss the NOV. TAB will inform any respondent seeking to request an NOV of the minimum information TAB requires to process the respondent's request, pursuant to the Transit Adjudication Bureau (TAB) Operations Manual – Inquiry Unit ("Inquiry Unit manual"), and deem the respondent's request completed once TAB has that information. If, prior to the respondent's request for an NOV, TAB had sent that NOV to the State-Wide Offset Program ("SWOP") and garnished the respondent's tax refund for that NOV, TAB will return to the respondent the garnished funds within 60 days of when the respondent provides verification of their identity and address for the refund to be sent to, unless the respondent has an outstanding balance(s) on any other NOV that TAB had previously sent to SWOP, in which case TAB will apply the garnished funds to that outstanding balance(s).

In accordance with all applicable laws, TAB will continue its policy and practice of not enforcing any default judgments older than 20 years.

TAB will update the NOV form to include TAB's website URL, beginning with the next printing of NOVs after the Effective Date of this Agreement.

TAB will update its website to conspicuously include the following information on its website, substantially in the form of a "frequently asked questions" section or similar format: (a) how to request an NOV Status Letter and Payment Status Letter, free of charge, a description of the information set forth in those letters, a sample NOV Status Letter and a sample Payment Status letter; (b) how to request a copy of an NOV, and a sample NOV, both front and back; (c) the methods that TAB may use to enforce a default judgment, including but not limited to wage garnishment, garnishment of tax refunds, assignment to a collection agency, and assignment to a

Marshal or Sheriff; (d) how to request to vacate or stay the entry of a default judgment; (e) how to update a respondent's address with TAB, and a statement that timely updates to respondents' mailing addresses are necessary for any mailings from TAB to reach the respondent; and (f) a link on TAB's main webpage to the revised TAB Guidelines.

TAB will update its Inquiry Unit manual to include instructions to Inquiry Unit staff about how to provide a copy of an NOV to a respondent and how to attend to a respondent who requests a copy of an NOV. The Inquiry Unit manual will also be updated to include instructions to Inquiry Desk staff to provide an NOV Status Letter and/or Payment Status Letter in response to a respondent's request for one or both of those letters; make reasonable, good-faith efforts to determine if a respondent is seeking information contained in either of those letters; and provide a respondent with an NOV Status Letter and/or Payment Status Letter, as appropriate, in response. TAB will conduct in-person training of its Inquiry Unit staff regarding these updated instructions.

TAB will provide in-person training to its staff and contractors on the practices set forth in the Settlement Agreement, and will provide Plaintiffs' counsel with the training materials and updated Inquiry Unit manual, as well as any material changes made to those documents during the monitoring period.

### III.    Attorneys' Fees, and Expenses

The parties have agreed to reserve the issue of fees for a separate negotiation; if they are unable to come to an amicable resolution, counsel for Plaintiffs will submit a motion seeking an award of attorneys' fees.

## ARGUMENT

### I.    Standard of Review for Final Approval of a Class Action Settlement

Pursuant to Rule 23(e)(2), a proposed settlement may be approved only upon a

finding that it is fair, reasonable, and adequate after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class,
>     including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of payment;[1] and
>     (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other."

Fed. R. Civ. P. 23(e)(2). This list represents the "'primary procedural considerations and

substantive qualities that should always matter to the decision whether to approve [a settlement]

proposal.'" *Moses v. New York Times Co.*, 79 F. 4th 235, 242 (2d Cir. Aug. 17, 2023) quoting

Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 Amendment. While "[t]he first two

factors are procedural in nature," the last two "guide the substantive review of a proposed

settlement." *Id.*

To determine the settlement's fairness, the courts in the Second Circuit traditionally

considered the nine factors laid out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.

1974) *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir.

2000). While Rule 23(e)(2) was subsequently amended, it does not displace the traditional *Grinnell*

factors, "which remain a useful framework for considering the substantive fairness of a

settlement," although the amended Rule "mandates courts to evaluate factors that may not have

---

[1] Here, the parties have agreed to separately negotiate (and possibly litigate) attorneys' fees.

been highlighted in our prior case law, and its terms prevail over any prior analysis that are inconsistent with its requirements." *Moses*, 79 F. 4th at 243; *see also Christine Asia Co. v. Yun Ma*, No. 15-md-02631 (CM) (SDA), 2019 WL 5257534, at *9-10. As the Second Circuit recently explained, one such departure from prior case law is that courts should no longer impose a presumption of fairness, adequacy, and reasonableness to the parties' settlement proposal because it was negotiated at arm's length. *See Moses*, 79 F. 4th at 243. It is reversible error for courts to impose this presumption. *See generally Moses,* 79 F. 4th 235.

Within this framework, the Court enjoys "broad discretion" to approve settlements. *In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 423 (S.D.N.Y. 2001). The law favors settlement and compromise of class actions. *See In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 160-1(S.D.N.Y. 2011). "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties." *Fleisher v. Phoenix Life Ins. Co.*, Civil Action Nos. 11-CV-8405 (CM) and 14-cv-8714 (CM) 2015 WL 10847814, at *4 (S.D.N.Y. Sept. 9, 2015) quoting *Clark v. Ecolab, Inc.,* No. 07 Civ. 8623 (PAC), No. 04 Civ. 4488 (PAC), and No. 06 Civ. 5672 (PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009). In light of these factors and considerations, the Court should grant final approval of this settlement.

## II.    The Proposed Settlement Is Fair, Reasonable, and Adequate

The evidence weighs in favor of final approval of the proposed settlement as it is procedurally and substantively fair, as both the terms of the agreement and the negotiating process that led up to it were fair. Taking each of the Fed. R. Civ. P. 23(e)(2) (and the *Grinnell*) factors in turn:

### A.  The Class Representatives and Class Counsel Have Adequately Represented the Class

This is one of the two steps in the "procedural" fairness inquiry (the other being whether negotiations were at arm's length), Fed. R. Civ. P. 23, Advisory Committee Notes (Dec. 1, 2018).

A determination of the adequacy of representation *"*typically 'entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation.'" *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019) (internal citation omitted).

The parties' counsel are experienced and capable attorneys. Faegre Drinker Biddle & Reath is a large, international law firm. The National Center for Law and Economic Justice, New Economy Project, and Gerald S. Hartman regularly litigate federal civil rights cases and have substantial experience representing plaintiffs in certified class actions. Counsel for Defendants, Hoguet Newman Regal & Kenney, LLP, has represented the Transit Authority and MTA in many litigations, including other class actions in this court.

In addition, the parties engaged in extensive discovery, including 10 depositions, exchanged nearly 80,000 documents, and engaged in protracted motion practice, including contested motions for class certification and for summary judgment. The class's interests were adequately represented by the Named Plaintiffs and their counsel.

### B.  The Settlement Was Negotiated at Arm's Length

This factor focuses on whether the settlement negotiations "were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e), Advisory Committee Notes. In this analysis, counsels' recommendations are to be accorded "great weight," as they are "most closely acquainted with the facts of the underlying litigation." *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 461 (S.D.N.Y. 2004). Additionally, that the settlement was reached with a governmental entity is a factor that should tip the scales toward a finding of fairness, adequacy, and reasonableness. *See, e.g., E.E.O.C. v. Bell Atl. Corp.*, Nos. 97 Civ. 6723(DC), 98 Civ. 3427(DC), 99 Civ. 5197(DC), 2002 WL 31260290, at *3 (S.D.N.Y. Oct. 9, 2002) ("The

approval of the settlement by . . . a government party . . . weigh[s] in favor of finding this a fair, adequate, and reasonable settlement.").

This element is easily satisfied. The settlement was reached after protracted negotiations between the parties, including an in-person settlement negotiation with Magistrate Judge Moses, followed by multiple rounds of settlement discussions, with both sides rejecting the other side's initial proposals. The settlement was also reached after extensive discovery and motion practice (including a contested motion for class certification, and summary judgment motions by both sides), which bolsters the claim that the negotiations took place at arm's length. *See, e.g.*, *Gordon v. Vanda Pharms. Inc.*, No. 19 CV 1108 (FB)(LB), 2022 WL 4296092, at *4 (E.D.N.Y. Sept. 15, 2022) (internal citations omitted) ("Further demonstrating a lack of collusion, the parties 'vigorously litigated this case,'" . . . litigating a motion to dismiss, fully briefing a motion for class certification, exchanging almost 500,000 pages of documents through discovery, conducting four depositions, and sparring over numerous discovery issues.") Ultimately, there is no "evidence or indicia suggesting that the negotiations were collusive." *Gordon*, 2022 WL 4296092, at *4 quoting *Simerlein v. Toyota Motor Corp.*, No. 3:17-cv-1091 (VAB), 2019 WL 1435055, at *13 (D. Conn. 2019). Accordingly, the Court should find that this prong has been satisfied.

## C. The Relief Provided to the Class is Adequate

To find a settlement substantively fair, adequate, and reasonable, the Court needs to find that the proposed settlement meets the remaining Rule 23(e)(2) and the *Grinnell* factors. *See Christine Asia Co.*, 2019 WL 5257534, at *10. Under Rule 23(e)(2), the Court must assess whether

> the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member

claims; (iii) the terms of any proposed award of attorney's fees, including timing of

payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C)(i-iv).

In addition, in cases seeking declaratory and injunctive relief rather than monetary

damages, courts in the Second Circuit consider the first six factors from *Grinnell*: (1) the

complexity, expense and likely duration of the litigation; (2) the reaction of the class to the

settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks

of establishing liability; (5) the risks of establishing damages; and (6) the risks of maintaining the

class action through trial; and the fifth factor is evaluated in light of the likelihood of establishing

remedies rather than damages. *See Ingles v. Toro*, 438 F. Supp. 2d 203, 211 (S.D.N.Y. 2006); *see

also Marisol A. ex rel. Forbes v. Giuliani*, 185 F.R.D. 152, 162 (S.D.N.Y. 1999), *aff'd sub nom.

Joel A. v. Giuliani*, 218 F.3d 132 (2d Cir. 2000). However, "not every factor must weigh in favor

of settlement, rather the court should consider the totality of these factors in light of the particular

circumstances." *Oklahoma Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, No. 17cv5543,

2021 WL 76328, at *2 (S.D.N.Y. Jan. 7, 2021) citing *Dial Corp. v. News Corp.*, 317 F.R.D. 426,

431 (S.D.N.Y. 2016) (internal quotation marks omitted in original).

i.    The Relief Provided to the Class is Adequate Considering the Costs, Risks,
and Delay of Trial and Appeal[2]

The proposed relief to the class is beyond adequate; it is substantial. The proposed

settlement provides robust, systemic, and significant relief to the class, which includes unhoused

and financially vulnerable people, as it requires changes to NYCTA's policies and procedures that

address the class's concerns about adequate notice and an opportunity to obtain, and if necessary,

contest, TAB notices of violation and default judgments. The settlement's provisions for ongoing

---

[2] *Grinnell* factor (1)

monitoring and oversight of the implementation of the policies and procedures are also of great benefit to the class.

Further, it is uncertain whether Plaintiffs could obtain more through continued litigation than they could through the proposed settlement. The action is at an advanced stage, with several dispositive motions having been decided. The Court granted partial summary judgment to Defendants on one claim and Plaintiffs on another, leaving a third claim to be determined at trial. To prevail on all of their claims, Plaintiffs would need to litigate their claims through trial and then win on appeal. Although Plaintiffs believe they would ultimately prevail, Defendants do not share that view. Both sides agree that additional litigation would be extremely costly and would delay relief to the Plaintiff class for years. Meanwhile, the proposed settlement provides extensive procedural benefits to class members. Taking into account the expense, uncertainty, and delay of additional litigation, as compared to the comprehensive relief afforded by the settlement, this factor weighs in favor of approval.

### ii.    The Relief Provided to the Class is Adequate Considering the Terms of Any Proposed Award of Attorney's Fees, Including Timing of Payment

As noted above, the parties have agreed to reserve the negotiation of attorney's fees until the resolution of the merits of the settlement agreement.  Because there is no cash payment to any of the class members as part of the Settlement Agreement, the ultimate decision on attorneys' fees will not affect the class members' interests.

### 1.    The Relief Provided to the Class is Adequate Considering Any Agreement Required to be Identified under Rule 23(e)(3)

Under FRCP 23(e)(3), "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." The only agreement between the parties is the Settlement Agreement. This factor supports final approval.

**iii.** The Reaction of The Class to The Settlement[3]

Notices of the settlement and its details were provided to the class as ordered by the Court on the parties' motion for preliminary approval. (*See* ECF Nos. 198 and 201). The notices comported with due process.  No class member has registered an objection with the terms of the settlement.

**iv.** The Stage of The Proceedings and The Amount of Discovery Completed[4]

The key inquiry under this *Grinnell* factor "is whether counsel had an adequate appreciation of the merits of the case before negotiating." *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 620 (S.D.N.Y. 2012) (internal quotation marks omitted). Discovery in this matter is complete, allowing the parties to make an intelligent appraisal and responsibly recommend settlement. Moreover, the legal claims have been significantly narrowed by the Court's ruling on the parties' summary judgment motions, and the Class was previously certified by the Court several years ago.

In sum, "'a substantial amount of work had been completed'" prior to settlement negotiations, and that such a significant among of litigation preceded the proposed settlement weighs in favor of approval. *See Lexmark Int'l, Inc.*, 2021 WL 76328 at *2 quoting *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 118 (2d Cir. 2005).

**v.** The Risk of Establishing Liability, Injunctive Relief, and Continuing Litigation to Trial[5]

The fourth, fifth, and sixth *Grinnell* factors are often considered together, and in cases seeking injunctive rather than monetary relief, the fifth *Grinnell* factor is evaluated in light of the likelihood of establishing remedies rather than damages. *See Baudin v. Res. Mktg. Corp., LLC*,

---

[3] *Grinnell* factor (2)
[4] *Grinnell* factor (3)
[5] *Grinnell* factors (4), (5), and (6)

14

No. 1:19-cv-386 (MAD/CFH), 2020 WL 4732083, at *8 (N.D.N.Y. Aug. 13, 2020), *on reconsideration in part*, No. 1:19-cv-386 (MAD/CFH), 2020 WL 6131758 (N.D.N.Y. Oct. 19, 2020); *see also Marisol A. ex rel. Forbes v. Giuliani*, 185 F.R.D. at 162, *aff'd sub nom. Joel A. v. Giuliani*, 218 F.3d 132. In assessing these factors, the Court is not required to decide the merits of the case or to foresee the cases' outcome with absolute certainty; but instead, the Court "'need only assess the risks of litigation against the certainty of recovery under the proposed settlement.'" *Baudin*, 2020 WL 4732083, at *8 quoting *Fleisher* 2015 WL 10847814, at *8.

As explained above, the action is at an advanced stage, with summary judgment motions having been decided. "Even if [P]laintiffs were to establish liability, it is not clear . . . that an alternative remedy would be more appropriate." *Marisol A. ex rel. Forbes v. Giuliani*, 185 F.R.D. at 164 *aff'd sub nom. Joel A. v. Giuliani*, 218 F.3d 132. To proceed to trial, followed by appeal, would be to run the risk of receiving no relief at all, or receiving relief that is less favorable to Plaintiffs and the Class than the relief in the proposed Settlement.

## D. The Settlement Agreement Treats Class Members Equitably Relative to Each Other

The settlement treats class members equitably relative to each other. In certifying the class, the Court found that Plaintiffs established that they would "fairly and adequately protect the interests of the class," because of the undisputed qualifications and experience of their counsel, as well as the unity of interest and shared concerns between Plaintiffs and the class. *See Robinson*, 2020 WL 5884055, at *13. Similarly, the Court should find that the class members are being treated equally for settlement purposes as the proposed equitable relief applies to them all equally, and addresses the issues and concerns shared by the class members. As such, the Court should find that this factor weighs in favor of final settlement approval.

15

## CONCLUSION

For the foregoing reasons, the parties respectfully request that this Court grant this Motion in its entirety, along with such other relief as the Court deems just and proper.

Dated: New York, New York
      October 12, 2023

| | |
|---|---|
| /s/ Claudia Wilner<br>Claudia Wilner<br>Katharine Deabler-Meadows<br>**NATIONAL CENTER FOR LAW**<br>**AND ECONOMIC JUSTICE, INC.**<br>50 Broadway, Suite 1500<br>New York, New York 10004<br>(212) 633-6967<br><br>Clay J. Pierce<br>Andrew L. Van Houter<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>1177 Avenue of the Americas , 41st Floor<br>New York, NY 10036<br>(212) 248-3140<br><br>Susan Shin<br>Raquel Villagra<br>**NEW ECONOMY PROJECT**<br>121 West 27th Street, Suite 804<br>New York, NY 10001<br>(212) 680-5100<br><br>-and-<br><br>Gerald S. Hartman (*pro hac vice*)<br>**LAW OFFICES OF GERALD S. HARTMAN**<br>3607 Whispering Lane<br>Falls Church, VA 22041<br>(703) 919-0423<br>*Counsel for Plaintiffs* | HOGUET NEWMAN REGAL &<br>KENNEY, LLP<br>/s/ Helene R. Hechtkopf<br>Helene R. Hechtkopf (HH 7402)<br>Ira J. Lipton (IL 4835)<br>60 East 42nd Street<br>New York, New York 10165<br>Telephone: (212) 689-8808<br>Facsimile: (212) 689-5101<br>*Attorneys for Defendants* |