UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHANIEL ROBINSON and DAVID EVANS, on behalf of themselves and all others similarly situated,

                     Plaintiffs,

-against-

NEW YORK CITY TRANSIT AUTHORITY,

                     Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/2024
```

19 Civ. 1404 (AT) (BCM)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiffs, Nathaniel Robinson and David Evans, brought this class action against Defendant, the New York City Transit Authority ("NYCTA"), alleging that NYCTA's practice of obtaining default judgments and enforcing them without adequate notice or opportunity to be heard violated Plaintiffs' right to due process under the Fourteenth Amendment. *See generally* ECF No. 59. Following the certification of a class and a mixed ruling on summary judgment, the parties reached a settlement. *See* ECF Nos. 115, 123, 157, 198, 209. However, the parties could not agree on the attorney's fees and expenses to be paid to Plaintiffs' counsel under 42 U.S.C. § 1988. ECF No. 210. After Plaintiffs moved for attorney's fees, the Court referred the motion to Magistrate Judge Barbara C. Moses. ECF Nos. 211, 220. On August 16, 2024, Judge Moses issued a Report and Recommendation (the "R&R") recommending that Plaintiffs' counsel be awarded a total of $1,342,186.50 in attorney's fees and $14,405.40 in expenses. R&R at 36, ECF No. 229. Eighteen days later,[1] NYCTA objected, arguing that Judge Moses awarded

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and as explained in the R&R, all parties had fourteen days from the date of the R&R to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); R&R at 36. Without acknowledging any delay, NYCTA filed its objections on September 3, 2024, four days after the deadline. Obj. at 16. Although the "failure to object timely to a[n R&R] waives any further judicial review," *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992), the Court will exercise its discretion to consider the merits of NYCTA's objections.

Plaintiffs' counsel inappropriately high attorney's fees. Obj. at 1, ECF No. 230.

A federal district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court applies de novo review to the portions of the R&R objected to by the parties, and it reviews the remainder of the R&R for clear error. *Thomas v. Astrue*, 674 F. Supp. 2d 507, 510–11 (S.D.N.Y. 2009). The Court has reviewed Judge Moses' thorough R&R and finds that it is not erroneous on its face, so it turns to NYCTA's objections and conducts its own plenary review.

NYCTA makes two arguments as to why the R&R's fee award is unreasonable. First, it contends that the R&R's 20% reduction of lodestar fees[2] does not reflect Plaintiffs' limited success on the merits, nor does it account for the disproportionate amount of time Plaintiffs' counsel spent on their unsuccessful claims. Obj. at 5–10; *see* R&R at 27. According to NYCTA, the legal theories and discovery related to Plaintiffs' unsuccessful claim were "entirely different" from and "mostly unrelated" to the legal theories and discovery supporting their successful claim, and because Plaintiffs' billing entries do not specify how much time was spent on each claim, a further global reduction of the lodestar amount is warranted. Obj. at 9–10.

The Court is not persuaded. The R&R acknowledges that Plaintiffs lost on one of their procedural due process issues, but as it points out, Plaintiffs succeeded on a second issue and retained the right to go to trial on a third, leaving them in "a relatively good position to negotiate" a meaningful settlement. R&R at 31; *see also* Pl. Mot. at 16–18, ECF No. 212 (explaining the details of the relief awarded). Moreover, and as the R&R also notes, NYCTA previously represented that the settlement it reached with Plaintiffs "provides robust, systemic,

---

[2] Lodestar fees are "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 424 n.1 (2d Cir. 1999) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)).

and significant relief to the class." ECF No. 207. NYCTA cannot now be heard to say that Plaintiffs "did not obtain success on any significant issue in the litigation." Obj. at 6. The R&R's proposed lodestar fee reduction of 20% adequately accounts for Plaintiffs' partial success "without unduly chilling the willingness of competent civil rights counsel to take on complex cases where complete success may not be achievable." R&R at 31; *see Kerr. v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982) ("The function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel.").

Second, NYCTA argues that Judge Moses' 20% reduction in lodestar fees "does not go nearly far enough" to address Plaintiffs' overbilling for certain matters. Obj. at 10. Again, the Court disagrees. As the R&R explains, Plaintiffs' counsel cut almost 1,400 hours of work from their requested lodestar amount in recognition of the fact that some of their labor was duplicative. *See* R&R at 24; Pl. Mot. at 14. It was perfectly reasonable for Judge Moses to conclude that a 20% reduction on top of that self-editing would sufficiently address the case's inefficient staffing. *See, e.g.*, *Lee v. Mani & Pedi Inc.*, 20 Civ. 10787, 2022 WL 3645118, at *14 (S.D.N.Y. Aug. 24, 2022) (listing cases in which lodestar fees were reduced by between 5% and 40% due to excessive billing).

For the foregoing reasons, the Court OVERRULES NYCTA's objections to the R&R and ADOPTS the R&R in its entirety. Plaintiffs' motion for attorney's fees is GRANTED, as modified by the R&R. The Clerk of Court is directed to terminate the motion at ECF No. 211.

SO ORDERED.

Dated: September 11, 2024
      New York, New York

ANALISA TORRES
United States District Judge

3